## BOSTON MARINE INSURANCE COMPANY *vs.* JOSEPH O. PROCTOR, JR., & others.

Suffolk.    March 19, 22, 1897. — May 22, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Equity — Creditors' Bill — Purchaser for Value without Notice.*

A., the owner of a vessel, conveyed the same by a recorded bill of sale to B. as security for a debt, and B. subsequently conveyed it to C. on payment by him of A.'s debt. C. also paid the vessel's bills, and the two sums together amounted nearly to what the vessel would have brought on a forced sale. The vessel, which was insured, was subsequently lost, and D., to whom A. was indebted, brought a bill in equity under Pub. Sts. c. 151, § 2, cl. 11, against A., C., and the company by which the vessel was insured, to reach and apply the insurance money in payment of his debt. *Held*, that, as C. was a *bona fide* purchaser for value, and as it did not appear that A. had any interest in the policy, the bill was properly dismissed.

---

BILL IN EQUITY, filed January 11, 1895, against Joseph O. Proctor, Jr., William T. Cunningham, and the China Mutual and the British and Foreign Marine Insurance Companies, to reach and apply, under Pub. Sts. c. 151, § 2, cl. 11, the proceeds of insurance on the schooner Addie Winthrop, in payment of a debt of Proctor to the plaintiff.

The bill alleged that between November 1, 1891, and March 1, 1892, the defendant Proctor became indebted to the plaintiff for premiums of insurance on certain vessels, and their cargoes and freight, and that he had never paid the same; that he had no property which could be come at to be attached at law ; that he had conveyed to the defendant Cunningham the schooner Addie Winthrop, her cargoes and freight, for the purpose of concealing the same from his creditors, so that the same could not be attached at law ; that the schooner, in which the defendant Proctor still retained an equitable interest, had become a total loss, and that the China Mutual and the British Foreign Marine Insurance Companies had issued to Proctor and Cunningham, or both of them, and in their behalf, policies of insurance on said schooner, her cargo and freight, the proceeds of which, by reason of the loss of such schooner, would become due and payable to them.

The prayer of the bill was that the defendant Proctor should be directed to pay to the plaintiff the sum due from him to it ; that Cunningham should be ordered to pay to the plaintiff any money or effects of the defendant Proctor coming into his hands; that the China Mutual and the British and Foreign Marine Insurance Companies should be ordered to pay over to the plaintiff all money which should be due from them to Proctor or Cunningham on account of the schooner Addie Winthrop; that Cunningham and the two defendant insurance companies should be enjoined from paying over any money to the defendant Proctor ; and for general relief.

The case was heard in the Superior Court, before *Fessenden*, J., who dismissed the bill, on the ground that Cunningham purchased the schooner Addie Winthrop in good faith and for a valuable consideration, and reported the case for the determination of this court.    The material facts appear in the opinion.

*E. P. Carver*, for the plaintiff.

*G. Cunningham*, for the defendants.

HOLMES, J.   This is a bill in equity to reach and apply the proceeds of insurance upon a vessel in the hands of the defendant Cunningham, on the ground that the vessel was transferred to Cunningham by the defendant Proctor in fraud of Proctor's creditors.   The judge before whom the case was tried dismissed the bill, on the ground that Cunningham was a *bona fide* purchaser for value.   The case is here on report, and the plaintiff contends that, notwithstanding the well known presumptions in favor of the finding, the decree manifestly should have been the other way.   We are of opinion that this cannot be said as matter of law.

The stress of the plaintiff's argument is, that Proctor did not receive anything for his transfer, which is true enough, but does not at all affect the fact that Cunningham paid a valuable, and, at least possibly, a perfectly adequate consideration.   Proctor had conveyed the vessel, by a recorded bill of sale absolute in form, to Potter and Wrightington, as security for a debt upon which there remained due $2,401.30.   The transfer to Cunningham was in consideration of his paying this sum.   He also paid the vessel's bills, amounting to $372.60.   The vessel would have brought from twenty-six to twenty-nine hundred dollars on a forced sale, so that it is impossible for us to say that the price was not fair, and doubly impossible to say that the transaction was not honest.

The plaintiff bases a part of his argument on the state of the registration and the right of attaching creditors.   The registered title of Cunningham comes through a series of bills of sale absolute in form, but it is said that the first one, from Proctor to Potter and Wrightington, was a mortgage, and all the rest are only transfers of a mortgage.   This is a mistake.   Proctor delivered the vessel and renounced his equitable rights to Cunningham after the conveyance to him.   There is no doubt, of course, that this passed his title as between the parties, (Rev. Sts. U. S. § 4192,) and there was no need, in order to give Cunningham a title good as against attaching creditors, that Proctor should execute a bill of sale to him for registration.   Proctor's equity while it lasted did not affect the character of his bill of sale as an instrument.   See *Carpenter* v. *Snelling*, 97 Mass. 452, 457.   It was a collateral though paramount matter.   When it was renounced,

the bill of sale was as good a foundation for a title as if there never had been an equity of redemption.   We quite agree with the statement of the defendants' counsel that purchasers or attaching creditors cannot be allowed to treat an unrecorded equity as valid, and an unrecorded waiver or conveyance of it as invalid. But a shorter answer to the whole matter is that the plaintiff by his bill puts his case on the ground of a conveyance in fraud of creditors, and nothing else, and as he has seen fit to make that charge he must maintain it or fall.

A further and short answer to the plaintiff's case is, that it does not appear that the insurance was taken out in any part for the benefit of Proctor, and this being so, he would have had no interest in the proceeds, even if he had been interested in the vessel.   *Harrison* v. *Pepper*, 166 Mass. 288.

The bill made some averments touching cargo, but that part of the case is not argued, and seems to have no foundation.

*Bill dismissed.*