JOHN M. REITENBACH & others *vs.* FRANCIS M. JOHNSON & others.

Suffolk. Nov. 11, 1879. — Sept. 9, 1880. MORTON & SOULE, JJ., absent.

If a merchant, who is under no obligation to procure insurance against fire upon goods which he has sold and which have not been removed from his shop, but who is obliged to procure insurance upon goods consigned to him for sale, procures a general policy of insurance upon his own goods, those consigned to him for sale, and those sold but not removed, and, upon a loss taking place, includes these three classes in his statement of loss, he is not responsible to the purchaser of goods sold but not removed for a proportionate part of the money received upon his policy of insurance, if such amount is not greater than he would have received if he had included in his statement of loss merely his own goods and those consigned to him.

ENDICOTT, J. The plaintiffs seek in this action to recover a portion of certain insurance money, received by the defendants, and which they contend was paid to the defendants for them and as their agents.

It appears from the agreed statement of facts that the defendants effected insurance, in their own name, to the amount of $165,000, upon merchandise contained in their warehouse in Boston. It was described in the policies of insurance as " merchandise, principally hides and leather, their own, or held by them in trust, or on commission, or sold but not removed from the building." The warehouse, with its contents, was totally destroyed by fire in November 1872. At the time of the loss, it contained goods belonging to the defendants, and goods consigned to them for sale, amounting in value to the sum of $174,073, and goods sold but not removed, of the value of $30,551. Among the goods sold but not removed were certain goods of the plaintiffs, which they had purchased of the defendants. The defendants rendered to the insurers a statement of loss, which included all the goods in the building at the time of the fire, viz.: their own goods, goods consigned to them, and goods sold but not removed; and the insurers settled, as for a total loss, to the amount of $165,000. Some of the insurance companies were rendered insolvent by the fire, and the defendants received but sixty-three per cent of this amount. The goods owned by, and consigned to, the defendants, being of greater value than the

total amount of insurance, the adjusters testified that the same amount would have been allowed, if the "goods sold but not removed" had not been included in the proof of loss.

The facts find that the defendants were bound by contract with their consignors to insure all their consignments, and, as the amount of insurance on the face of the policies, as well as the sum actually received from the insurers, was not sufficient to cover the loss on their own goods and the goods consigned to them, the sum received was applied to indemnify themselves and their consignors, and no portion of it was applied for the benefit of the plaintiffs.

It is agreed that it was usual for those engaged in this business to take insurance on goods sold and not delivered or removed, but that there was no custom to insure for the benefit of purchasers, or for the purpose of protecting the interest of purchasers in goods sold but not removed; and that there was no contract, express or implied, between the plaintiffs and defendants, to insure for the plaintiffs' benefit the goods thus purchased by them. The plaintiffs, therefore, are not entitled to recover an aliquot portion of the insurance money received by the defendants, on the ground that it was the duty of the defendants to insure their goods not removed from the warehouse. And the only ground upon which they could recover is, that, the defendants having voluntarily insured the plaintiffs' goods, and received from the insurers money on account of the same, they are bound in equity to pay it over.

What might have been their duty if they had been bound, by contract or custom, to insure the plaintiffs' goods, or if they had received more than enough to pay themselves and their consignors, are questions which do not arise here. But the defendants received no money on account of the goods of the plaintiffs; the money that they have received is not sufficient to pay for their own goods and those of their consignors, destroyed by the fire; and there is no equity, as between them and the plaintiffs, which requires them to pay over to the plaintiffs any portion of the money so received. The fact that they included goods sold but not removed, in their statement of loss, cannot, of itself, give any rights to the plaintiffs which they did not otherwise possess. The defendants were under no obligation to include these goods

in their statement of loss. If they had been omitted from the statement, the defendants would have been entitled to receive the same amount, and they have not actually received any more because they were included. *Martineau* v. *Kitching*, L. R. 7 Q. B. 436. *Stillwell* v. *Staples*, 19 N. Y. 401.

                                        *Judgment for the defendants.*

*H. D. Hyde*, for the plaintiffs.

*R. R. Bishop*, for the defendants.