### PITTMAN & HARRISON ET AL. V. J. B. HARRIS.

Decided November 17, 1900.

**1. Parol Evidence—Varying Written Contract—Insurance.**

Where plaintiffs sued for the value of hay destroyed by fire while stored with defendants, alleging that they insured the hay for his benefit, collected the insurance money and held the same in trust for him, it was admissible for defendants, as against plaintiff, who was not a party to the contract with the insurance company, to show by parol evidence that plaintiff's hay was not in fact covered by the insurance, although such evidence tended to contradict the written terms of the policy in its description of the hay covered thereby.

**2. Custom—Issue Abandoned—Exclusion of Evidence.**

Where plaintiffs alleged that it was the general custom of warehousemen to insure hay stored with them, but introduced no evidence on that point, and such an issue was not submitted to the jury, it was immaterial that the court excluded evidence offered by defendants to show that such was not their custom.

**3. Insurance by Warehousemen in Trust.**

Plaintiff sued defendants for the value of hay stored with them, alleging that defendants insured the hay for his benefit, and held the proceeds derived from the insurance in trust for him. Defendants' policy of insurance was in its terms broad enough to cover any hay stored with them, but the amount of insurance money they received under the policy was not sufficient to cover their loss on their own hay destroyed by the fire. Held, that plaintiff could not charge defendants as trustees for any part of the insurance money, in the absence of a showing that they were under obligation, either by contract or custom. to insure his hay, and that he had elected to adopt their acts in procuring the insurance and so notified them.

APPEAL from the County Court of Grayson. Tried below before Hon. J. D. WOODS.

*E. C. McLean,* for appellants.

*D. W. Gordon,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was brought by appellee, as plaintiff, against appellants, Pittman & Harrison and J. R. McElroy, as defendants, in the County Court of Grayson County, Texas, to recover the value of seventy-five tons of hay which appellee alleges was worth $5 per ton, said hay being stored with other hay belonging to appellants in their warehouse at Southmayd, Texas. Appellants' house with contents was destroyed by fire on September 15, 1897. Appellee claimed that appellants were to store his hay for a valuable consideration, and were to keep it fully insured, and that they did insure and collect the insurance on the hay. Appellee also alleged that if there was no specific contract with appellants to insure the hay, it was their duty as bailors for hire, to keep said hay insured for appellee's benefit, and that it was the general custom so to do.

Appellants pleaded a general demurrer and general denial. On November 1, 1899, the cause came on for trial in the County Court of Grayson County, before the judge of said court, and resulted in a judgment for appellee against appellants for the sum of $207.23, principal, and $33.12 interest. Motion for a new trial was overruled. Appellants excepted to the judgment and conclusions of fact and law as filed by the judge, and perfected an appeal.

Appellants' first and second assignments of error complain of the action of the trial court in refusing to admit parol testimony to show what hay had in fact been insured by appellants. The written portion of the insurance policy which had been previously introduced in evidence reads: "On hay in bale, their own, or held by them in trust, or on commission, or sold and not delivered." The appellants offered to show by their manager, R. S. Dorchester, who procured the insurance, and Oran Belden, the agent who executed the policy for the company, that the appellants did not insure any hay other than their own, or only such as they had sold and had not delivered. The appellee objected to this testimony because the policy was the best evidence, and because the language of the policy could not be changed or modified by parol evidence. The court sustained the exception and excluded the evidence.

The main ground relied upon in the petition for a recovery by appellee was, that his hay had been insured by appellants for his benefit, and that appellants had collected the money upon the insurance policy and held the same in trust for him. The question then as to what hay was insured became a material issue in the case. The ruling of the trial court in effect was that parol evidence could not be received to show that the policy executed by the insurance companies to Pittman & Harrison did not cover the hay of appellee. The contract of insurance was not between the parties to this action. The appellee was a stranger to the insurance contract. The rule that parol evidence will not be received to vary or affect the terms of a written contract therefore does not apply. Hughes v. Sandal, 25 Texas, 162; Johnson v. Portwood, 89 Texas, 235; Manufacturing Co. v. Insurance Co., 88 N. Y., 599. The court erred in

refusing to admit the testimony, and appellants' first and second assignments are sustained.

Appellants' third assignment of error complains of the ruling of the court in refusing to permit defendant to prove by the witnesses Sam Mayers, Hunter Graham, J. B. Carey, and Oscar Haydon, that they were acquainted with the rules and custom of storing hay in warehouses, and that it was the general custom for parties to insure their own hay, and that it was not the custom of the warehousemen to insure the same. This evidence was excluded on the ground that it was irrelevant and immaterial. The petition alleged that it was the general custom for warehousemen to insure hay stored in their warehouses. Appellee did not introduce any evidence to support this allegation, and this issue was not presented to the jury. In this condition of the record we think the evidence became immaterial, and there was no error in excluding it.

Appellants' seventh assignment of error, which is presented as a proposition, reads: "It was error in the court to render judgment for the plaintiff, as the uncontradicted evidence shows that even though the written portion of the policy should be held to insure goods on storage, the loss of defendants on hay owned by them was $2438.35, and they only had $1750 insurance on same, and that they would be only trustees for any amount that they received over and above such sum as would pay them for the loss sustained by them, and as they did not receive sufficient to pay their own loss, plaintiff would not be entitled to recover."·

As before stated, the ground of recovery set out in the petition was that defendants had insured the plaintiff's hay for his interest, and that after loss they had collected the insurance thereon, on account of plaintiff's interest therein, and held the same in trust for plaintiff. If this be true, then the defendants' failure to pay over the moneys so held in trust would be inequitable, and a judgment against them for the amount so held would be proper. If, however, the defendants, Pitman & Harrison, were under no obligation, by contract or custom, to insure plaintiff's hay, and in procuring insurance upon their own hay the policy executed to them contained language sufficiently broad to cover plaintiff's hay, and a loss occurred which the company settled, and the amount paid in settlement was only sufficient to cover the loss of defendants, then plaintiff could not recover. In such a case, defendants could not be charged with having received any money in trust for plaintiff.

Before the plaintiff could claim any benefit under the policy executed under such circumstances, he must show that he elected to adopt the acts of defendants in procuring insurance on his property, of which defendants had notice before its force as a policy on his property had been impaired. Stillwell v. Staples, 19 N. Y., 407; Reitenback v. Johnson, 129 Mass., 316; Insurance Co. v. Union Compress Co., 133 U. S., 387; Insurance Co. v. Warehouse Co., 93 U. S., 527.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*