[Civ. No. 1455.   First Appellate District.—April 20, 1915.]

# FRANK STOCK et al., Respondents, v. F. C. THIELE, Appellant.

BUILDING CONTRACT—DESTRUCTION OF UNCOMPLETED BUILDING—RIGHTS OF PARTIES.—Where a building contract provided for payment of seventy-five per cent of the contract price as the work progressed and twenty-five per cent thirty-five days after acceptance of the work, and it was further provided that in case the work, before completion, should be wholly destroyed by earthquake or other acts of God, the loss occasioned thereby should be sustained by the owner to the extent that he had paid installments thereon, or that might be due under the contract, and the loss to be sustained by the contractor should be for the uncompleted portion of the work upon which he might be engaged at the time of the loss and for which no payment was yet due under the contract, the contractor was entitled to payment for those amounts only that were due at the time of the destruction of the building by earthquake and not the full value of the work done at the time of such destruction.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial.   J. R. Welch, Judge.

The facts are stated in the opinion of the court.

C. M. Fickert, for Appellant.

H. E. Wilcox, and D. M. Burnett, for Respondents.

THE COURT.—This is an appeal by the defendant from an order denying his motion for a new trial in an action brought by the plaintiffs in the form of the common count for labor performed and materials furnished, and in which the plaintiffs recovered judgment.

It will be necessary for us to pass upon but one of the points discussed in the briefs.

The plaintiffs, being copartners, by a written contract with the defendant, undertook to do the plumbing work on a certain building in Palo Alto, and were engaged upon said work when the building was destroyed by an earthquake, and the question for determination is as to whether or not, under the terms of the contract, they are entitled to recover a judgment against the defendant for the full value of the work

already done at the time of said destruction, or only the proportion thereof for which payment was at that time due.

The answer to this question depends upon the construction to be given to clauses 5 and 12 of the contract. Those clauses read as follows:

5. "The owner agrees to pay to the contractor the sum of $3495 at the time and in the manner following, to wit: Seventy-five per cent of said $3495 as the work progresses; twenty-five per cent of the said $3495 thirty-five days after acceptance of the work."

12. "In case said work herein provided for should, before completion, be wholly destroyed by earthquake or other acts of God, then the loss occasioned thereby shall be sustained by the owner to the extent that he has paid installments thereon, or that may be due under the fifth clause of this contract, and the loss occasioned thereby, and to be sustained by the contractor, shall be for the uncompleted portion of said work upon which he may be engaged at the time of the loss and for which no payment is yet due under said fifth clause of this contract."

While the contract contained no provision for specific periodical payments, no doubt payments were made as the building progressed, although under the terms of the contract the plaintiffs were entitled to be paid seventy-five per cent of the value of the work performed as fast as it progressed and from day to day. A contract identically like this one was before this court in the case of *Hettinger* v. *Thiele,* 15 Cal. App. 1, [113 Pac. 121], and the court, referring to the paragraph here under review, said:

"It was intended that as the work was performed by the contractor he should be entitled to seventy-five per cent of the value of the work so performed, measured by the contract price, that is, for example, when the contractor had placed materials and labor in the building in accordance with the plans and specifications of the value of $1,000, he should be entitled to a payment of $750, and so on from time to time. As the work progressed, and as fast as it progressed and from day to day, the contractor was entitled to seventy-five per cent of its value. Of course it would have been unreasonable for the contractor to have claimed and demanded the amount due from day to day, and insisted upon the architect giving him a certificate from day to day as to the amount that had

become due. It must be presumed that the parties intended the contract to be reasonably construed, and that with such view the contractor would only require payment to be made at reasonable intervals as the work progressed, so as to enable him to pay for his materials, and to meet the wages of carpenters and artisans employed by him. In fact this must have been the course pursued, because no question appears to have been made as to the payment of installments up to the time of the earthquake, which payments amounted to $8,800. The twelfth clause of the contract makes provision for loss in case the building should be wholly destroyed by earthquake. . . . The provision as to the loss shows that in case the building should, before completion, be wholly destroyed, the parties intended that the owner should lose all payments that he had made to the contractor and all the sums that had become due under the contract. On the other hand, the contractor was to lose all sums that had not become due for the uncompleted portions of the work.'' See, also, *Anderson* v. *Quick*, 163 Cal. 658, [126 Pac. 871].

According to testimony offered on behalf of the plaintiffs, there was $2,021.25 worth of work completed under the contract at the time of the destruction of the building, which would leave the plaintiffs, under the fifth and twelfth clauses of the contract, seventy-five per cent of that amount, or $1,515.94, and deducting the sum of $1,500, which plaintiffs admit the defendant has paid on account of the work, the former are entitled not, as they claim, to $515.94, but to $15.94.

The specification of the particulars wherein the evidence is insufficient to justify the decision are amply sufficient. Nor is there any substantial merit in the attempted distinction between this case and the case above quoted from—which perhaps is the reason that the point here raised was not made in that case.

The order denying defendant's motion for a new trial is reversed.