[Ridley & Wife v. Ennis & Wife.]

# Ridley & Wife v. Ennis & Wife.

### Bill in Equity for Specific Performance of Contract for Exchange of Lands.

1. *Exchange of lands belonging to statutory estates of married women; specific performance of contract for.*—On bill filed for the specific execution of a contract between two married women, with the assent and concurrence of their respective husbands as parties, for an exchange of lands belonging to their respective statutory estates, possession having been delivered and taken under the contract; the court declares, "We do not and will not undertake to decide what would be our ruling, if the bill showed that nothing remained to be done but to execute reciprocal conveyances." But, if the contract expressly stipulates that the defendants, in addition to conveying the tract of land owned by the wife, "shall, by proper instrument in writing, secure said E. and wife [complainants] against all loss by reason of" an apprehended defect in the title, "by lien on the land conveyed by them" on the exchange; and the bill shows that the tender of a deed, signed by the complainants, was accompanied with the tender of a mortgage on the lands, to be signed by the defendants pursuant to this stipulation, the wife having no power to execute such mortgage, the complainants do not make out a case for specific performance.

2. *Insurance; right to money paid on loss, as between person insuring and mortgagee.*—When a person effects an insurance on a house in which he has an insurable interest, pays the premium, and receives the money paid on a loss, a mortgagee of the property, showing no interest in the policy by assignment or otherwise, can not assert any claim to the money.

3. *Averments of bill construed.*—An averment that a suit in equity is pending against the administrator of R., with others, "in which suit the title to said lands is involved and litigated," is not equivalent to an averment "that said lands are subject to any charge or liability for the debts of R."

APPEAL from the Chancery Court of Madison.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 10th September, 1879, by John C. Ennis and Sarah A. Ennis, who were husband and wife, against James L. and Fannie J. Ridley, also husband and wife; and sought, principally, the specific performance of a contract, made and entered into by the parties on the 19th December, 1872, for an exchange of lands. The contract was reduced to writing, signed by all the parties in duplicate, with their seals attached, and attested by two witnesses; and a copy of it was made an exhibit to the bill. The lands in the possession of Ennis and wife, and which they were to convey to Ridley and wife (or to Mrs. Ridley), consisted of several lots in the city of Huntsville, which belonged to the estate of John H.

[Ridley & Wife v. Ennis & Wife.]

Spaulding, deceased, who was the former husband of Mrs. Ennis; and she and her husband were the administrators of Spaulding's estate. The lands which Ridley and wife were to convey by the exchange, consisting of about 4~0 acres, were inherited by Mrs. Ridley, according to the averments of the bill, from her deceased father, William Robinson. The bill alleged that possession was given and taken by the parties under the contract, and that each continued, up to the filing of the bill, in possession of the land received by the exchange; that the complainants had erected valuable improvements on the lands which they had received; that Mrs. Ridley had effected an insurance for $2,000 on the houses (or some of them) erected on the lots which she had received, and had collected the insurance money, the houses having been destroyed by fire. As to these matters, the complainants claimed and asked, if they were not entitled to a decree for specific performance, compensation for the improvements which they had erected on the lands which they had received, and a lien on these lands for the insurance money which Mrs. Ridley had received.

The defendants filed separate demurrers to the bill for want of equity, assigning several causes specifically. The chancellor overruled the demurrer, and his decree is now assigned as error.

WALKER & SHELBY, for appellant.—1. The statutes prescribe the manner in which property belonging to the wife's statutory estate may be sold and conveyed, and also the kind of debts with which that estate may be charged, and the manner in which the liability may be enforced.—Code, §§ 2704–12. Besides this, the power is given to the wife to dispose of her statutory estate by will.—*Ib.* § 2713. The statutes show a fixed purpose to make this a peculiar estate, and to restrict the powers of both husband and wife over it. These statutory powers must be strictly pursued, and any contract not authorized by them is absolutely void.—*Hammond v. Thompson*, 56 Ala. 592; *Peeples v. Stolla*, 57 Ala. 57; *O'Connor v. Chamberlain*, 59 Ala. 431; *Cary v. Dixon*, 51 Miss. 599; *Mallett v. Parham*, 52 Miss. 921; Wells on Sep. Property of M. W., §§ 316, 336, 342; *Pippen v. Wesson*, 74 N. C. 442; *Gilbert v. Dupree*, 63 Ala. 331; *Griffin v. Sheffield*, 38 Miss. 359; *Dempsey v. Tylee*, 3 Duer, 73; *Davis v. Fry*, 7 Sm. & Mar. 67.

2. The agreement sought to be enforced is executory—it is a mere contract to convey, with a superadded stipulation to mortgage the property received against a contingent liability of the property to be conveyed for debts. Such a contract can not be referred to any of the statutory powers conferred on the wife, or on her and her husband jointly; it imposes no liability upon either the wife or her statutory estate, and its specific per-

[Ridley & Wife v. Ennis & Wife.]

formance will not be decreed by a court of equity.—*King &
Burnes v. Mosely*, 5 Ala. 610; *Stedman v. Matthews*, 29 Ark.
658; *Wood v. Tenny*, 30 Ark. 391; *Morrison v. Kinstra*,
55 Miss. 71; *Butler v. Buckingham*, 5 Day, 492; 2 Green's
(N. J.) Eq. 65; *Leonis v. Lazzarovich*, 55 Cal. 52; Bishop's
M. W. § 601, and cases cited in note 4; Fry on Spec. Perf.
390, § 666; *Nichols v. Jones*, 3 Eq. Cas. L. R. 691.

3.   There is no estoppel against Mrs. Ridley.—*Todd v. Rail-
road Co.*, 19 Ohio St. 514, 526; *Martin v. Dwelly*, 6 Wendell,
12; *Butler v. Buckingham*, 6 Conn. 492; Herman on Estop-
pel, 235, § 215.   The same reasons forbid an estoppel by im-
provements, or compensation, its equivalent; otherwise, a mar-
ried woman might be improved out of her estate, and uninten-
tionally effect what she could not purposely do with the aid of
a  skillful  conveyancer.—*Keen v. Coleman*, 39 Penn. 299;
*Glidden v. Strupler*, 52 Penn. St. 404.

4.   The claim for compensation on account of the improve-
ments, and on account of the  insurance money received, is in-
consistent with the claim to a specific performance; and the
two claims to relief can not be asserted in the alternative.
*Micou v. Ashurst*, 55 Ala. 612; *Rives, Battle & Co. v. Wal-
thall*, 38 Ala. 332; *Simmons v. Williams*, 27 Ala. 507.

BRANDON & JONES, *contra.*   (No brief on file).

STONE, J.—Mrs. Ennis and Mrs. Ridley, married women,
with the concurrence and co-operation of their respective hus-
bands, entered into an agreement of exchange of certain lands,
but no titles were made.   The lands Mrs. Ridley proposed to
part with were, according to the averments of the bill, her
statutory separate estate, and we are not informed she had any
other estate.   It is difficult to classify the lands Mrs. Ennis pro-
posed to convey.   She did not profess to own them, and we are
not informed she had any estate of any kind, unless, perhaps,
her interest in her former husband's estate constituted her a
property holder.   The bill is silent as to this interest, or its
value.   The lots in Huntsville, which Mr. and Mrs. Ennis were
to convey in exchange, were of the estate of Spaulding, Mrs.
Ennis' former husband, which had neither been sold, nor or-
dered to be sold.   The expectation and agreement were, that
an order would be obtained to sell the lands or lots; that Mrs.
Ennis, or Ennis and wife, would thus procure title to them, and
then convey title to Mrs. Ridley, when the  latter and her hus-
band would convey to Ennis and wife the lands agreed to be
exchanged for the lots.   This agreement was in writing, signed
on both sides by husband and wife, and attested by two sub-
scribing witnesses.   The contracting parties exchanged posses-
30

sions, Ennis and wife taking possession of the lands in the country, formerly claimed by Mrs. Ridley, and Ridley and wife taking possession of the town lots belonging to the Spaulding estate. They have severally retained the possessions so taken ever since.

Mrs. Ridley was the daughter of one Robinson, deceased, from whom it is averred the lands came to her by inheritance. One clause of the agreement of exchange is as follows: "It is further stipulated and agreed, that if, at the time of conveyance [of] said lands to said Sarah A. and John C. Ennis, the same shall be subject to any charge or liability for the debts of William Robinson, deceased, from whom said Fannie J. [Ridley] inherited said lands, she shall, by proper instrument in writing, secure said Ennis and wife against all loss by reason thereof by lien on the land conveyed by them to said Fannie J. Ridley."

The bill avers, that Mr. and Mrs. Ennis, who were the administrators of Spaulding's estate, obtained, by regular proceedings, an order to sell the lots they had contracted to convey to Mrs. Ridley; that the lots were sold by them, under the order so obtained; that they became the purchasers; that they reported the sale to the Probate Court, and it was confirmed; that they reported the purchase-money paid, and obtained an order for title, and that title was made to them by a commissioner, appointed by the court for the purpose. It further avers that complainants, Ennis and wife, had a deed prepared, conveying said lots to Mrs. Ridley, with covenants of warranty; that they had signed the same in the presence of two subscribing witnesses, and that the same was ready to be delivered; that they also had a mortgage prepared, to be executed by Ridley and wife, conveying said lots back to them as a mortgage security, to indemnify them against any debts of William Robinson's estate, the lands acquired from Mrs. Ridley might be made subject to. The mortgage thus prepared recites, that " there is a suit now pending and undetermined in the Chancery Court of Madison county, Alabama, and was so pending on the 19th day of December, 1872 [the date of the written agreement of exchange], wherein Morris K. Taylor, as the administrator of the estate of Byrd Brandon, deceased, is complainant, and Caroline P. Robinson, as the administratrix of Wm. Robinson, deceased, and others are defendants; in which suit, the title of the said [Ridley and wife] to said three quarter-sections of land [the land agreed to be conveyed by Mrs. Ridley in exchange] is involved and litigated. * * If the said parties of the first part [Ridley and wife] shall save harmless the said parties of the second part [Ennis and wife], so they shall sustain no loss by reason of said suit, then this obligation and instrument to become null and void." The mortgage also con-

[Ridley & Wife v. Ennis & Wife.]

tained a power of sale on default. The bill avers, that Ennis and wife tendered the said deed to Mrs. Ridley, and at the same time, and, as we understand its averments, as part of the same transaction, tendered the mortgage described above, to be executed by Ridley and wife; and demanded from them also a conveyance of the said three quarter-sections of land. The deed was tendered to Mrs. Ridley, on condition that she and her husband contemporaneously executed to Ennis and wife the said mortgage, and conveyed also to them the said three quarter-sections of land. The bill avers, that Ridley and wife refused to comply with this demand; and the present bill, in its primary aspect, seeks to obtain specific performance of the alleged agreement of exchange, in the manner above described.

The averments in the bill, tending to show said three quarter-sections of land were "subject to any charge or liability for the debts of William Robinson, deceased," are the recitals in the mortgage tendered to Ridley and wife to be signed, the material parts of which are copied above from an exhibit made part of the bill, and the following language in the body of the bill: "Complainants show further unto your Honor, * * they had prepared a deed of conveyance, with warranty of title, conveying to said Fannie J. Ridley the property hereinbefore described as situate in the city of Huntsville, State of Alabama, and also a mortgage or lien on said property, to indemnify complainants against loss by reason of a certain suit particularly referred to in said mortgage or lien." There is nothing else in the bill, or exhibits, tending to show the lands "were subject to any charge or liability for the debts of Wm. Robinson, deceased."

We do not, and will not, undertake to decide what would be our ruling, if Ennis and wife showed they had complied with all the stipulations of their contract, and asked by their bill only that mutual conveyances be coerced, of the lands they had agreed to exchange; in other words, if nothing remained but to execute conveyances. Whether such ground of relief naturally and necessarily springs out of the power of the husband and wife to sell property held as statutory separate estate of the wife, and the further power to invest the wife's moneys thus held, is a grave question we prefer not to decide, until its decision is rendered necessary. If our rulings in the following cases suggest inquiries on this difficult and oft-recurring subject of the powers of married women under our statutory system, it will be time enough to attempt their solution when they are fairly presented before us: *Marks v. Cowles,* 53 Ala. 499; *Smith v. Carson,* 56 Ala. 457; *Strong v. Waddell, Ib.* 471; *Prout v. Hoge,* 57 Ala. 28; *Peeples v. Stolla, Ib.* 53; *Sterrett v. Coleman, Ib.* 172; *Copeland v. Kehoe, Ib.* 246; *Haney v.*

*Lundie*, 58 Ala. 100; *Terry v. Keaton, Ib.* 667; *Castleman v. Jeffries*, 60 Ala. 380; *Logwood v. Hussey, Ib.* 417; *Conly v. Blue*, 62 Ala. 77; *Norman v. Harrington, Ib.* 107; *Williams, Birney & Co. v. Bass*, 57 Ala. 487.

The tender of title in this case was accompanied with the demand and condition, that Ridley and wife should execute a mortgage on her statutory separate estate. There was no offer to deliver the deed, if the mortgage was not executed. The same condition attended the demand of title from Ridley and wife. The three acts were expected to be contemporaneous, and the execution of the mortgage was made a controlling factor. This Mrs. Ridley had no power to do; and if she had executed it, it would have been void as a contract, under our uniform rulings.—*Chapman v. Abraham*, 61 Ala. 108; *Jones v. Wilson*, 57 Ala. 123; *O'Connor v. Chamberlain*, 59 Ala. 431; *Garrett v. Lehman, Durr & Co.*, 61 Ala. 391; *McMullen v. Lockard*, 64 Ala. 56; *Thomas v. Rembert*, 63 Ala. 561; *Gans v. Williams*, 62 Ala. 41; *Lee v. Tannenbaum, Ib.* 501. Whether, if the debts of William Robinson's estate are made a charge on the lands received by Ennis and wife in the exchange, they have an equity to go against the lots for reimbursement, is not decided.

The remaining question must be decided against the appellee. Even if Ennis and wife held a mortgage on the lots at the time the house was burned, on account of which Mrs. Ridley realized the insurance money, that would give complainants no right to it. Mrs. Ridley insured in her own name, and paid the premium, and Ennis and wife show no right to the money, by assignment of the policy or otherwise.— *Vandegraff v. Medlock*, 3 Por. 389; 1 Jones on Mort. §§ 401–2, and note 6.

But there is another fatal objection to this branch of relief. The bill contains no averment that the lands Ennis and wife received in exchange, are " subject to any charge or liability for the debts of William Robinson, deceased." It is not even averred that his estate owed any debts. The averment that Morris K. Taylor has a suit in chancery against William Robinson's administratrix and others, in which the title of said lands is involved and litigated, is not the equivalent of an averment, that the lands are subject to a charge or liability for the debts of William Robinson, deceased. This averment would be insufficient, if Mrs. Ridley was *sui juris*, and the money was equitably bound for the indemnity of Ennis and wife. It fails to show any incumbrance whatever on the lands. There are other features of this case we might comment on, but we deem it unnecessary.

The bill, as framed, contains no equity, and the demurrer to it should have been sustained.

Reversed and remanded.

BRICKELL, C. J., not sitting.