(140 App. Div. 756.)

### SAWYER v. ADAMS et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1910.)

1. LANDLORD AND TENANT (§ 150*)—REPAIR OF PREMISES—OBLIGATIONS.

 Where a lessor did not covenant to repair, he need not repair on the premises being damaged by fire, but under Real Property Law (Consol. Laws, c. 52) § 227, the lessee may have his option to surrender the premises or make the repairs himself.

 [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 536–557; Dec. Dig. § 150.*]

2. LANDLORD AND TENANT (§ 150*)—REPAIR OF PREMISES—OBLIGATIONS.

 A life tenant of premises in possession of a tenant under a lease executed by the deceased ancestor and containing no covenant to repair has the option to restore the premises after a fire, or to compel the lessee to surrender the premises, or to retain them and make such repairs as he desires.

 [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 150.*]

3. LIFE ESTATES (§ 17*)—APPOINTMENT.

 Where premises of a life tenant are leased by him and injured by fire, and the lease contains no covenant to repair, it is error at suit of a remainderman to appoint a receiver to apply the insurance money on repairs to the premises.

 [Ed. Note.—For other cases, see Life Estates, Cent. Dig. §§ 37, 38; Dec. Dig. § 17.*]

4. LIFE ESTATES (§ 28*)—OBLIGATION OF LIFE TENANT.

 The ordinary remedy to compel a life tenant to make repairs to prevent a deterioration of the property is by mandatory injunction, and the court should not appoint a receiver to collect the rents, and apply them to the making of repairs.

 [Ed. Note.—For other cases, see Life Estates, Dec. Dig. § 28.*]

Appeal from Special Term.

Action by Kate A. Sawyer against Jeanette S. Adams and another. From an order appointing a receiver of described real estate, defendant named appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Walter E. Ward and William E. Woollard, for appellant.

A. Page Smith, for respondent.

Countryman, Nellis & Du Bois, for respondent Suckno.

SMITH, P. J. The action is brought by plaintiff as remainderman against the defendant Adams, a life tenant, for permissive waste. Suckno, a tenant for years, is joined as defendant. Prior to his death, one William Sawyer, the father both of the plaintiff and the defendant Adams, was the owner and in possession of two store buildings upon South Pearl street in the city of Albany. In these store buildings were stores upon the first floor and apartments above. Prior to the death of said Sawyer, through the plaintiff as his attorney in fact, a lease was made to the defendant Suckno for five years, with the privilege of renewal. After the death of Sawyer fire broke out in the store 156 South Pearl street, and practically gutted the store. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant Adams had had the property insured, and the insurance companies are willing to pay the insurance, which was adjusted at about $1,400. In the lease between Sawyer and Suckno there was no agreement on the part of Sawyer to make any repairs. There seems to have been some negotiation between the plaintiff, defendant Adams, and the defendant Suckno as to the restoration of the building by the use of the insurance moneys. While an agreement to that effect was signed by all the parties, it is claimed by the defendant Adams that it was never delivered by her, and was only to be delivered upon the execution of a new lease by Suckno, which he refused to execute. The defendant Adams refused to apply the insurance moneys to the restoration of the building, and this action is brought to compel her to make such restoration through these insurance moneys, and also to compel her to make certain repairs in the chimney and in the roof upon the building 158, and to compel the defendant Adams to pay certain taxes which were unpaid against said premises. Since the commencement of the action and before the appointment of the receiver the taxes have been paid. By the order appealed from a temporary receiver has been appointed, with direction to apply the insurance moneys for the restoration of the building so far as it had been injured by the fire, and to collect certain of the rents and to apply them to certain repairs in the roof and in the chimney upon a part of the building.

Without a covenant on the part of the landlord, in the lease, to repair, it would seem to be settled law that the landlord is not bound to repair, even in case of injury through fire. By section 227 of the real property law (Consol. Laws, c. 52), the lessee has the option to surrender the premises or to make the repairs himself. See, also. Doupe v. Genin, 45 N. Y. 119, 6 Am. Rep. 47; Smith v. Kerr, 108 N. Y. 31, 15 N. E. 70, 2 Am. St. Rep. 362. The direction to the receiver therefore to repair the building with insurance money seems to have been unauthorized. It was optional with the life tenant whether or not she should make the repairs, and, if the lease was made at an unprofitable rental, she might lawfully exercise that option to compel the lessee either to surrender the premises or to retain them, making such repairs as he might desire to make.

As to the other repairs, aside from the restoration of the building from the effects of the fire, those repairs do not seem to be of such a nature as alone to justify the appointment of a receiver. There is a dispute as to the condition in which the premises were found at the time they were handed over to the life tenant. Assuming that the life tenant is bound to make such repairs as would prevent the building from deteriorating, there is no reason why this could not be accomplished in the case at bar by means of a mandatory injunction, which is the ordinary remedy to compel a life tenant to perform a contract which the law imposes upon him.

Other questions are raised by the answer of defendant Adams which are not necessary here to discuss. This appeal involves simply the exercise of the discretionary power of the court to take the property out of the hands of its owner, and put it in the hands of a receiver for the purpose of making certain repairs. It can hardly be that the

learned judge at Special Term would have appointed a receiver, unless in his view of the case the building should have been restored to the condition in which it existed before the fire. We are of opinion, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion for the receiver denied, with $10 costs.

Order reversed, with $10 costs and disbursements, and motion for a receiver denied, with $10 costs.