MORRIS WOLF, Landlord, Appellant, *v.* PATRICK GOODWIN and Three Other Tenants, Tenants, Respondents.

Supreme Court, Appellate Term, First Department, March Term — Filed April, 1923.

**Landlord and tenant — damage to premises by fire — tenant may repair or vacate — when summary proceedings may be maintained against tenant who stays but refuses to pay rent.**

Although a landlord in the absence of covenants is not bound to make repairs, even in case the leased premises are injured by fire, the tenant under section 227 of the Real Property Law has the option to surrender possession of the premises or to make the repairs.

In summary proceedings against a monthly tenant in possession under an oral lease, rent payable in advance, it was not disputed that the rent for December, 1921, and January, 1922, amounting to seventy-two dollars, was not paid. The tenant besides a general denial set up a counterclaim for the amount of the unpaid rent based upon a claim that by reason of a fire occurring December 4, 1921, his apartment had been so damaged as to make it unfit for use and that the landlord unreasonably delayed making repairs. There was no evidence of any agreement on the landlord's part to make repairs and not only was there nothing to indicate that he was responsible for the fire but the proof was that the tenant remained in possession. *Held*, that a final order in favor of the tenant will be reversed, with costs, and a final order directed to be entered in favor of the petitioner.

APPEAL by the landlord from a final order in summary proceedings in favor of the tenant, dismissing the petition after a trial in the Municipal Court of the city of New York, borough of Manhattan, third district.

*Aaron H. Schwarz (Harry L. Herzog,* of counsel), for appellant.

*Samuel Hellinger (Edward M. O. Pratt,* of counsel), for respondents.

WASSERVOGEL, J. The landlord sought to remove the tenant from an apartment occupied by him in premises 370 West Twenty-ninth street for non-payment of rent. The tenant was in possession as a monthly tenant holding under an oral lease. It is not disputed that the rent for December, 1921, and January, 1922, amounting to seventy-two dollars, was not paid. For answer, the tenant interposed a general denial and counterclaim for seventy-two

dollars, based, as set forth in his bill of particulars, upon a claim that a fire occurred in his apartment by reason of which it had been damaged so as to make it unfit for use and that the landlord unreasonably delayed making repairs. The trial justice refused to give judgment on the counterclaim but dismissed the landlord's petition. There is nothing in the record to indicate that the landlord was in any way responsible for the fire that had occurred. Notwithstanding the fire and the resulting damage complained of by the tenant, he remained in possession. The rent was payable monthly in advance. The rent for December had, therefore, accrued on December first. The fire occurred December fourth.

Section 227 of the Real Property Law provides: " Where any building, which is leased or occupied, is destroyed or so injured by the elements, or any other cause as to be untenantable, and unfit for occupancy, and no express agreement to the contrary has been made in writing, the lessee or occupant may, if the destruction or injury occurred without his fault or neglect, quit and surrender possession of the leasehold premises, and of the land so leased or occupied; and he is not liable to pay to the lessor or owner, rent for the time subsequent to the surrender." A tenant cannot remain in possession and refuse to pay rent.

The record does not disclose any evidence of an agreement by the landlord to make repairs.

In *Sawyer* v. *Adams*, 140 App. Div. 756, it was held that " without a covenant on the part of the landlord, in the lease, to repair, it would seem to be settled law that the landlord is not bound to repair, even in case of injury through fire. By section 227 of the Real Property Law * * * the lessee has the option to surrender the premises or to make the repairs himself."

The tenant did not plead an eviction, either actual or constructive, and even if he had, in the absence of proof that the fire occurred through the negligence or some other act of the landlord, his claim cannot be sustained. The evidence in this proceeding does not show " an interference with or disturbance of the beneficial enjoyment of the demised premises, intentionally committed by the landlord and injurious in its character." *American Tract Society* v. *Jones*, 76 Misc. Rep. 236. The landlord's petition should not have been dismissed. He was entitled to a final order in his favor.

Final order reversed, with thirty dollars costs, and final order directed to be entered in favor of the petitioner.

GUY and COHALAN, JJ., concur.

Order reversed.