(122 So. 318)

**BELL v. BAREFIELD.**  (4 Div. 438.)

Supreme Court of Alabama.  May 9, 1929.

Chas. O. Stokes, of Ozark, for appellant.

Sollie & Sollie, of Ozark, for appellee.

BROWN, J. (after stating the facts as above). ■ The court, in ordering the sale of the lands for division among the joint owners, proceeded on the theory that the deed from Edward Barefield and wife to Dora Brown and Robert L. Barefield reserved a life estate in the grantors with vested remainder in the grantees. There is nothing in this conveyance, so far as appears, imposing any duty on the life tenant to preserve the property or insure it for the benefit of the remaindermen, and there is nothing in the conveyance made by Nancy Jane Barefield and her children, other than the complainant, to Dora Brown that imposed such duty, unless it can be said that the recital in the deed with reference to the support of the widow and the complainant had that effect.

We think it clear from the circumstances under which the conveyance was made, and its purpose, that this recital merely imposed a personal obligation on the grantee therein, and was not such as to impress the land conveyed with a trust for the support of Nancy Jane and Robert. The legal effect of this deed was to convey merely the life estate then held by Nancy Jane Barefield, and in no way affected the interest of Robert.

By. the subsequent conveyance by Dora Brown and her husband to Bell, he acquired the life estate of Nancy Jane and a one-half interest in the remainder.

When Bell insured the property, as the evidence shows, he insured for his own benefit and not for the joint benefit of himself and the complainant.

■■ The general rule, sustained by the great weight of authority, is, in the absence of anything in the instrument creating the estate, or of agreement to that effect, between the parties, no duty rests upon the one or the other to insure for the benefit of a remainderman or his cotenant, and insurance taken by one with an insurable interest in the property, who pays the premiums thereon out of his own funds, is a personal indemnity to the insured. Harrison v. Pepper, 166 Mass. 288, 44 N. E. 222, 33 L. R. A. 239, 55 Am. St. Rep. 404; Spalding v. Miller, 103 Ky. 405, 45 S. W. 462; Sawyer v. Adams, 140 App. Div. 756, 126 N. Y. S. 128; Addis v. Addis, 60 Hun, 581, 14 N. Y. S. 657; Thompson v. Gearheart, 137 Va. 427, 119 S. E. 67, 35 A. L. R. 36, and note, 40–42; 17 R. C. L. 642, § 32; 26 C. J. 436, § 584. Our cases seem to be in accord with this view. Miles v. Miles, 211 Ala. 26, 99 So. 187; Ridley & Wife v. Ennis

& Wife, 70 Ala. 463; Shadgett v. Phillips & Crew Co., 131 Ala. 478, 31 So. 20, 56 L. R. A. 461, 90 Am. St. Rep. 95.

Sampson & Wife v. Grogan, 21 R. I. 174, 42 A. 712, 44 L. R. A. 711, is cited as an authority for holding that Bell is chargeable, as trustee for the use of the complainant, for one-half of the insurance collected. That was an action by the remainderman to recover from the administrator of the life tenant the value of a dwelling destroyed by fire while in the possession of the tenant as such and insured by her against loss by fire, and the question decided was presented on demurrer to the complaint. In the course of the opinion it is stated: "*If a policy is issued to a life tenant for the full value of the fee, and this amount is recovered by him, he certainly ought to be held to be a trustee for the remainderman as to the excess of the amount received over the value of his life interest*"—citing Welsh v. London Assur. Corp., 151 Pa. 607, 25 A. 142, 31 Am. St. Rep. 786. (Italics supplied.) The opinion, however, concludes: "In the case at bar however, the declaration does not allege that the policy covered anything more than the life tenant's interest in the building which was destroyed by fire, and if it did not she was clearly entitled to such insurance in full." This clearly shows that the excerpt from the opinion above italicized is mere dictum.

In Welsh v. London Assur. Corp., supra, the suit was by the life tenant on a policy of fire insurance payable to herself against the insurance company, and the question under consideration was the measure of damages. The evidence in that case, as the opinion states, showed that the policy was taken by the life tenant for the full value of the fee, not only for the benefit of the plaintiff as life tenant, but also for the remaindermen. Under these circumstances the court held that: "The plaintiff, by suing for and recovering on this evidence the full value of the fee, has put herself in the position of trustee for the remaindermen as to the excess of the judgment over the value of her life interest;" and the insurance company was not in position to dispute her right to recovery as such trustee.

The minority view, referred to in the text of 17 R. C. L. 642, § 32, as the "extreme view," rests upon the idea that the life tenant is a trustee, or quasi trustee, for the remaindermen, and in insuring, the life tenant, without regard to intention, acts for the benefit of all interested, and that the insurance money collected after the loss stands in lieu of the property. This is the effect of the decisions in Green v. Green, 50 S. C. 514, 27 S. E. 952, 62 Am. St. Rep. 846, and Clyburn v. Reynolds, 31 S. C. 118, 9 S. E. 973.

After mature consideration, we are of opinion that the rule first above stated is sustained by both reason and the great weight of authority. The defendant, Bell, purchased and paid for the indemnity which he received, a right which the other remainderman had and could have exercised, and it is no fault of Bell that he was incompetent to foresee the necessity for taking insurance as a protection.

We are not of opinion that Bell should be held liable on principles of equity. He was in no sense a trustee, and was under no obligation to protect the interest of his cotenant by insuring for his benefit. He had purchased and paid value for the property, and thought he had a complete title, though he was charged with notice of the defects in his title by the conveyance under which he held.

The purchase money was used by Dora Brown, from whom he purchased, in the maintenance of the family, including the complainant and his mother, and under the circumstances he should not be compelled to relinquish to complainant one-half of the money he received from the indemnity he purchased with his own funds.

The decree of date of December 6, 1928, is therefore reversed, and the cause will be remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.