## McCracken v. McCracken

*Martin & Martin,* for plaintiff.
*Gilfillan & Patterson,* for defendant.

HILDEBRAND, P. J., April 22, 1935.—In a feigned issue to determine who is entitled to the proceeds of a fire insurance policy paid into court, the plaintiff having filed his declaration and defendant his plea and answer, the plaintiff has demurred to defendant's answer and asked for judgment, while the defendant has moved for judgment in his favor on the whole record.

By the will of John McCracken, dated April 30, 1907, a farm of 35 acres situate in Scott Township, Lawrence County, Pa., was devised to Charles McCracken, the defendant, for and during the term of his natural life and upon his death to his child or children by any future wife or wives, the testator providing that Carrie McCracken, the then wife of Charles McCracken, and her two children by the said Charles McCracken should not take any interest in the said farm or in decedent's estate, and further providing that, in case the said Charles McCracken should die without leaving any such child or children by a future wife or wives, then the said farm was to go to his son, Jake McCracken, the plaintiff. There is nothing in the record to indicate a severance of the marriage re-

lation between the defendant and his wife, Carrie, or that the defendant is the father of any child or children by a wife other than his said wife, Carrie. Under the terms of the will the defendant became, and has since continued to be, a life tenant of said farm and the plaintiff became, and has since continued to be, a contingent remainderman.

In February 1930, there was issued by the Washington Mutual Fire Insurance Company of Lawrence County an insurance policy providing indemnity to the plaintiff against two thirds of all direct loss or damage by fire to the frame dwelling house located on said farm. In making application for the insurance the plaintiff represented in writing that he was the sole owner of the land upon which were located the buildings insured and that no other person was interested in the property. The policy of insurance, by reason of the payment of assessments, was in full force and effect on August 30, 1933, when the dwelling house on said farm was totally destroyed by fire. The plaintiff paid all premiums and assessments against said policy and had paid all premiums and assessments on previous similar policies. No part of the premium was paid by, or charged to, Charles McCracken, the defendant.

The insurance having been claimed by both the plaintiff and the defendant, and payment thereof having been refused by the insurance company, the plaintiff instituted a suit in assumpsit against the company, whereupon the company made no defense to the action but asked and obtained permission to pay into court the face of the policy, $1,200, with accrued interest, the court ordering the plaintiff and defendant to interplead as to the subject matter of the action against the insurance company.

While the defendant makes the bald assertion that the plaintiff, in making application for and in securing insurance, acted as agent for all persons interested in the property insured, and particularly as agent for the defendant, no facts supporting this allegation are averred

and the averment is based upon the fact that the application was made and the policy issued for the full value of the property and not for the value of the contingent remainder interest of the plaintiff. The defendant contends that the interests of the parties to this action in the fund are identical with their respective interests in the destroyed property and that the defendant, Charles McCracken, because of his interest as life tenant, is entitled to the use and income of the moneys now in court for and during his life.

In his brief filed the defendant agrees that the will, the application for the insurance, and the policy itself all being in writing, the whole question is one of law and may be disposed of by the court without the aid of a jury. The plaintiff, by his demurrer, takes the same position. The defendant states the principal question involved to be as follows:

"Where, in an interpleader contest between a life tenant and a remainderman, it appears that the contingent remainderman applied for a policy of insurance and in the application represented himself to be the owner of the entire fee and a policy is issued insuring the entire fee, is not the life tenant entitled to the income from the proceeds of such a policy which have been paid into court?"

Each of the parties had an insurable interest in the property. Neither was bound to insure for the benefit of the other. Either might have insured his own interest separately. They might have joined in insuring the entire fee for the benefit of both. There is nothing in the case indicating that the plaintiff and defendant joined in taking out the insurance or that the plaintiff intended that the insurance taken out should be for the benefit of any person other than himself. It is true that he insured for the full value. By the terms of the policy, however, he secured indemnity only for himself. The defendant urges that to award the entire proceeds of the policy to the plaintiff will permit him to receive more than mere

indemnity. This defense might have been raised by the insurance company but it was not. In fact, the insurer might have successfully contended that, under the terms of the policy, it was absolutely void by reason of the untrue statements made in plaintiff's application for the insurance. The question here raised by the defendant is one that can be raised only by the insurer. This is a matter of no concern to the defendant, who was not a party to the insurance contract. The insurer's waiver of its right furnishes no legal or equitable basis for defendant's claim against the fund and plaintiff's possible wronging of the insurance company gives rise to no right in the defendant.

The respective rights of a life tenant and a remainderman in insurance taken out by one of them upon property in which each has an insurable interest have frequently been before the courts for determination and the decisions are not wholly in accord. Most of the reported cases involve insurance taken out by the life tenant.

Both plaintiff and defendant refer to Welsh v. London Assurance Corp., 151 Pa. 607. In that case the insurer was defendant in an action brought by a life-tenant on a fire insurance policy for the full value of the fee. Plaintiff was permitted to recover the full amount of the policy and was held to be trustee for the remainderman as to the excess of the amount realized over the value of her life interest. There was uncontradicted evidence of the life tenant's intention to insure the property for herself and the remainderman and of the insurer's agent's knowledge that her interest was but that of a life tenant. That case so differs from the present case in respect to parties, the questions involved and the evidence presented, that it cannot serve as a guide here. The precise question here presented apparently has not been passed upon by our appellate courts.

In a majority of jurisdictions a rule seemingly well supported by reason and known as the Massachusetts rule has been adopted. It is stated in the case of Harrison

v. Pepper, 166 Mass. 288, 44 N. E. 222, and is, in effect, that if a life tenant takes out insurance for his own benefit, in case of destruction by fire, the remainderman has no interest whatever in the proceeds of the policy and cannot compel the life tenant to place the same in trust so as to be turned over to the remainderman after the termination of the life interest, even though the moneys received from the policy of insurance are equal to the full value of the property destroyed. It was there said:

"The contract of insurance is a personal contract, and inures to the benefit of the party with whom it is made, and by whom the premiums are paid. It is a contract of indemnity against loss. The sum paid 'is in no proper or just sense the proceeds of the property' . . . It is not averred, and does not appear, that the defendant intended to make a present of the proceeds of the policy to the plaintiff, or was insuring for her benefit. Whether the amount of indemnity received by the defendant for her loss was more or less than the value of her interest cannot affect the plaintiff. Nor can the defendant be converted into a trustee for the plaintiff by the mere fact that the amount which she received was equal to the full value of the house. It was paid to and received by her as indemnity for the loss which she had sustained, and, as already observed, does not stand in the place of the property insured."

Where there has been no agreement that the life tenant shall insure and no provision for insurance in the instrument creating the life estate and the policy is not restricted by its terms to the interest of the life tenant, but insures the whole property and is made payable to the life tenant in case of a total loss, it is held that the remainderman is not entitled to share in the proceeds of the policy. The Massachusetts rule is recognized and followed in many cases: Spalding et al. v. Miller, 103 Ky. 405, 45 S. W. 462; Kearney, Exec., v. Kearney et al., 17 N. J. Eq. 59 and 504; Sawyer v. Adams et al., 140 App. Div. 756, 126 N. Y. Supp. 128; Blanchard v. Kings-

ton, 222 Mich. 631, 193 N. W. 241; Thompson et al. v. Gearheart, 137 Va. 427, 119 S. E. 67; Underwood v. Fortune et al., 9 S. W. (2d) 845 (Mo. App.) ; Corder v. McDougall, Admr., 216 Cal. 773, 16 Pac. (2d) 740; King v. King, 163 Miss. 584, 143 So. 422; Bell v. Barefield, 219 Ala. 319, 122 So. 318.

What is known as the South Carolina rule is that any insurance effected by the life tenant is also for the benefit of the remainderman and any moneys collected by him from a total loss by fire should be used in rebuilding or should go to the remainderman, reserving the interest for life to the life tenant and crediting him with the premiums paid on the policy. The rule was laid down in Green v. Green, 50 S. C. 514, 532, 27 S. E. 952. The rule is based upon the law of that State that the life tenant occupies the position of an implied or quasi trustee to the remainderman. This rule has been followed in some States.

Counsel for the defendant cites Clark, Guardian, v. Leverett et al., 159 Ga. 487, 126 S. E. 258. In that case the life tenant was guardian of the remainderman which, of course, would make him trustee for the remainderman. That case cites as authority for its holding, and defendant here cites, Cameron's Estate, 158 Mich. 174, 122 N. W. 564, which case was, in fact, overruled by Blanchard v. Kingston, supra, in which latter case the Massachusetts rule was adopted by a divided court. In the Georgia case a strong dissenting opinion favoring the adoption of the Massachusetts rule was filed. In the case of Cameron's Estate, supra, the remainderman was a de facto guardian of the tenant for life and the insurance was in the name of the guardian. The evidence indicated an intention of the de facto guardian, who was one of the remaindermen, to provide protection for both her ward and the remaindermen. Not only is the South Carolina rule followed in fewer jurisdictions than is the Massachusetts rule, but in most of the cases supporting that rule there has been evidence making the case different

in fact from the case of Harrison v. Pepper, supra, and the present case.

In Lee's Estate, 4 Luz. L. R. Rep. 44, a residuary legatee who had insured her own interest in the property was permitted to hold the proceeds of such insurance against the claim of the life tenants. In Seitz v. Bollinger et al., 37 Pa. C. C. 260, the owner of the fee was held entitled to the proceeds of insurance taken out for his own interest and at his own expense against the life tenant in a dower charge. In Webster v. Hanover Fire Ins. Co., 19 Dist. R. 369, where the life tenant sought to share in the proceeds of a policy of insurance taken out and paid for by the remainderman, the Massachusetts rule was followed.

Neither the will creating the estates of the parties nor their consequent relations imposing any duty upon either to insure, the plaintiff having made no agreement and having manifested no intention to insure for the benefit of the defendant, and the contract of insurance being a personal contract against loss, the defendant has no interest in the proceeds of the insurance and judgment must be entered for the plaintiff.

## Order

Now, April 22, 1935, the rule issued February 21, 1935, on defendant's motion for judgment on the whole record is discharged and the defendant's motion is refused and plaintiff's demurrer to defendant's answer is sustained and judgment is now directed to be entered in favor of the plaintiff, Jake McCracken, and against the defendant, Charles McCracken, and the prothonotary is directed to pay to the plaintiff, Jake McCracken, the entire amount paid into court, to wit, the sum of $1,233, after deducting the costs of suit.

From William McElwee, Jr., New Castle.