This is an action by a life estate tenant for fire insurance proceeds received by remaindermen.
B.D. Stewart and Jennie Stewart owned a house and lot near Grant, Alabama. B.D. Stewart died in 1955. In 1970, Jennie Stewart and two of her children conveyed the property to her third child, Bobbye Fuell, who in 1975 conveyed to Jennie Stewart a life estate in said property. Bobbye Fuell later married Hollis L. Helton. Bobbye Helton died in 1977. Mr. Helton conveyed his interest in the property to Jennie Stewart on February 18, 1981. Mr. Helton died in 1983. On the same date, Jennie Stewart conveyed her interest in the property to Harold and Linda Dickerson, defendants below, and the defendants obtained the remaining interest in the property from Linda's half-sisters. The consideration for the conveyance from Stewart to Dickerson was to support the grantor during her life. Mrs. Stewart left the home in March 1982 after a disagreement and on August 11, 1982, filed to set aside the conveyance and a detinue count for personal items. The house burned in September 1982. Defendants did extensive repairs and renovation to the house in 1981 and 1982. Plaintiff then amended her complaint, alleging fraud and that the deed be declared null and void under § 8-9-12, Ala. Code (1975), and that a constructive trust be declared for the benefit of the plaintiff from the proceeds of the fire insurance collected by the defendants. Defendants counterclaimed for value of improvements they made on the property.
Plaintiff carried fire insurance in her own name until she canceled the coverage effective June 16, 1982. The defendants carried a fire insurance policy in their own name at the time of the loss and collected for the loss.
After an ore tenus hearing, the trial court denied the plaintiff any relief, which was reversed and remanded by the Supreme Court of Alabama. See Stewart v. Dickerson,455 So.2d 809 (Ala. 1984), pursuant to § 8-9-12, Ala. Code (1975). On remand the trial court set aside the conveyance from Stewart to Dickerson and rendered a judgment in the sum of $2,791.80 plus interest from August 11, 1982, in favor of the plaintiff. The trial court did not rule on appellant's counterclaim, and we will not consider that allegation of error on this appeal.Sanders v. Sanders, 342 So.2d 380 (Ala.Civ.App. 1977). The defendants, on appeal, contend the awarding of a *Page 1080 
portion of the insurance proceeds to the plaintiff was error. We agree.
At the time of the loss by fire, Jennie Stewart possessed a life estate in the property, and the Dickersons possessed the right of remainder. Both the life tenant and the remaindermen have insurable interests, and each can insure for himself. Bellv. Barefield, 219 Ala. 319, 122 So. 318 (1929); 51 Am.Jur.2dLife Tenants and Remaindermen § 159 (1970).
 "The general rule, sustained by the great weight of authority, is, in the absence of anything in the instrument creating the estate, or of agreement to that effect, between the parties, no duty rests upon the one or the other to insure for the benefit of a remainderman or his cotenant, and insurance taken by one with an insurable interest in the property, who pays the premiums thereon out of his own funds, is a personal indemnity to the insured."
Bell v. Barefield, 219 Ala. at 321, 122 So. at 319; Murray v.Webster, 256 Ala. 248, 252, 54 So.2d 505, 508 (1951).
The trial court found that the defendants were not guilty of fraud, misrepresentation, or deceit, but awarded judgment to plaintiff based on the equities of the case and her interest in the property. The court also found that the equities of the case would allow both plaintiff and defendants to recover based on their respective interests in the property. We find the award to the plaintiff to be error, as to the insurance proceeds, for the plaintiff had no equity in the policy. There was no express or implied agreement the insurance was taken out for the benefit of the life tenant. There was no contribution or agreement as to payment of the premium. Murray, 256 Ala. 248, 54 So.2d 505.
 "The contract of insurance is a personal contract, and inures to the benefit of the party with whom it is made, and by whom the premiums are paid. It is a contract of indemnity against loss. The sum paid `is in no proper or just sense the proceeds of the property.'"
Harrison v. Pepper, 166 Mass. 288, 289, 44 N.E. 222, 223 (1896) (citations omitted), cited in Bell v. Barefield,219 Ala. at 321, 122 So. at 319. See also Miles v. Miles, 211 Ala. 26,99 So. 187 (1924).
We find the judgment of the trial court contrary to the evidence and the law to be applied thereto. Therefore, the money judgment rendered against Harold and Linda Dickerson is hereby reversed and set aside. Further, this court is without jurisdiction to consider issues raised by the plaintiff, as she did not file a notice of appeal as required by Rule 3 (a) and 4 (a)(2), Alabama Rules of Appellate Procedure.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND RENDERED.
All the Judges concur.