PER CURIAM.
The plaintiff, Jackie Gene Preston, appeals from a summary judgment in favor of the defendant, Connie Stuber Preston, individually and as executrix of the estate of Austin Preston, deceased. This case involves a dispute over insurance proceeds paid to the estate of Austin Preston pursuant to a homeowner’s insurance policy owned by Austin. We reverse and remand.
Austin held a life estate in the property in question, while his son, Jackie Gene, was the remainderman. The issue is whether Jackie Gene, though not a party to Austin’s insurance contract on the residence, may recover part of the insurance proceeds paid to Austin’s estate when the residence on the property was destroyed by fire.
The facts are as follows: In 1965, Austin and his wife, Monte Preston, acquired joint title to two contiguous lots, Lots 15 and 16, located in the Rolling Oaks Subdivision in Madison County. In 1966, Austin’s parents acquired the title to Lot 14, located next to Austin and Monte’s two lots in the subdivision. In 1967, Austin and Monte Preston conveyed a remainder interest in Lots 15 and 16 to their son, Jackie Gene, while Austin retained a life estate in the two lots.
In 1970, Austin began building a house on Lot 14 (owned by Austin’s parents) and Lot 15. The house sat astride the two lots. Jackie Gene helped Austin build the house and then he lived in the house with Monte and Austin. Austin also built a smaller house on Lot 15. In 1973, Jackie Gene began paying the property taxes on Lots 15 and 16. Jackie Gene also paid for utility services to the residence located on Lots 14 and 15. Jackie Gene eventually moved into the smaller house located on Lot 15. Monte died and in 1987 Austin married Connie Stuber, the defendant in this case. On December 22, 1988, Austin and Connie bought a homeowner’s insurance policy on *824 the house located on Lots 14 and 15. The house burned on January 2, 1989, and the insurance company paid a portion of the policy proceeds to Austin at that time. On May 9, 1989, Austin executed a will, making a few specific devises and with the residue of his estate passing to Connie, his wife. Austin died on June 24, 1989, and the insurance company paid the remaining insurance proceeds to Austin’s estate.
Jackie Gene sued Connie individually and in her capacity as executrix of Austin’s will. Specifically, Jackie Gene requested that the court impose a constructive trust on part of the proceeds from the insurance policy on the house, and he requested in-junctive and other equitable relief. Both parties moved for summary judgment. The trial court entered a summary judgment for Connie, and Jackie Gene appeals.
To begin with, we note our standard for reviewing a summary judgment. A summary judgment is proper only when “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the nonmoving party must rebut that showing by presenting substantial evidence creating a genuine issue of material fact. West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989). In ruling on the motion for summary judgment, the court will view the evidence in the light most favorable to the nonmoving party. Folmar v. Montgomery Fair Co., 293 Ala. 686, 309 So.2d 818 (1975).
“ ‘The general rule of law, sustained by the great weight of authority, is, in the absence of anything in the instrument creating the estate, or of agreement to that effect, between the parties, no duty rests upon one or the other [the life tenant or the remainderman] to insure for the benefit of [the other]....’”
Murray v. Webster, 256 Ala. 248, 252, 54 So.2d 505, 508 (1951); Dickerson v. Stewart, 473 So.2d 1078, 1080 (Ala.Civ.App.1985).
Although there has been no evidence presented to prove that an actual agreement existed between Austin and Jackie Gene, the evidence that does exist raises a material question for the trier of fact as to whether an implied agreement existed.
Jackie Gene held a vested remainder as to a portion of the land on which the house stood. He helped Austin build the house. He has paid the property taxes on lot 15. Additionally, he lived in the house with Austin for several years. Based on the facts before this Court, we cannot assume that no agreement existed between the parties as to the insurance of the house. Because the existence or nonexistence of an implied agreement is a particularly fact-sensitive issue, we reverse the summary judgment and remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.