CLARA A. HARRISON vs. SARAH PEPPER.

Suffolk.    March 25, 1896. — May 25, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Life Tenant not bound to insure for Remainderman — Voluntary and
Permissive Waste.*

*It seems* that the neglect of the life tenant to insure is not to be regarded as in the
nature of voluntary or permissive waste.

In the absence of anything that requires it in the instrument creating the estate,
or of any agreement to that effect on the part of the life tenant, he is not bound ·
to keep the premises insured for the benefit of the remainderman.

BILL IN EQUITY, filed January 1, 1896, to compel the defend-
ant to place the sum received by her for insurance on certain
premises, of which she was life tenant, in trust for the plaintiff,
as remainderman, until the decease of the defendant, with in-
come payable to the defendant during life.

The defendant demurred to the bill for want of equity.    The
Supreme Judicial Court sustained the demurrer, and dismissed
the bill; and the plaintiff appealed.    The facts appear in the
opinion.

*H. Dunham*, (*T. J. Donoghue* with him,) for the plaintiff.

*L. S. Dabney & R. D. Weston-Smith*, for the defendant.

MORTON, J.    The defendant, as life tenant, had an insurable
interest in the property, and although it is alleged in the bill
that she renewed the insurance on the building in her own name
" as an entirety of estate without qualification . . . for the sum
of twelve hundred dollars," and that that sum was paid to her
as the full value of the dwelling-house, without any deduction
by reason of the plaintiff's ownership in fee, it is not alleged that
the sum so paid exceeded the value of the defendant's interest,
or what the value of the defendant's interest was.    If the amount
received by the defendant did not exceed the value of her inter-
est, then it is clear that the plaintiff has no right in equity to any
portion of it.    *Reitenbach* v. *Johnson*, 129 Mass. 316.    *Martineau*
v. *Kitching*, L. R. 7 Q. B. 436.    *Stillwell* v. *Staples*, 19 N. Y. 401.

But if we assume that the sum paid is equal to the total value
of the dwelling-house, and exceeds the value of the defendant's

interest, and that the bill fairly alleges this, still we do not think that the plaintiff is entitled to recover. A tenant for life is liable for any unauthorized act which tends to the injury of the inheritance, in other words for voluntary waste. How far and under what circumstances he is liable for what is termed permissive waste is not altogether clear, and we need not consider. *In re Cartwright*, 41 Ch. D. 532. 3 Leake, Prop. 92. Pollock, Torts, 285, 286. Taylor, Land. & Ten. (7th ed.) § 688. Kerr, Injunctions, (1st ed.) 252.

We have been referred to no case in which it has been decided that the neglect of the life tenant to insure is to be regarded as in the nature of voluntary or permissive waste, though it has been held that the failure to pay taxes is; *Stetson* v. *Day*, 51 Maine, 434; but that manifestly stands upon different ground.

It is plain that the plaintiff is not entitled to recover unless she has some claim upon the funds in the hands of the defendant. In the absence of anything that requires it in the instrument creating the estate, or of any agreement to that effect on the part of the life tenant, we think that the life tenant is not bound to keep the premises insured for the benefit of the remainderman. Each can insure his own interest, but, in the absence of any stipulation or agreement, neither has any claim upon the proceeds of the other's policy, any more than in the case of mortgagor and mortgagee, or lessor and lessee, or vendor and vendee. *Suffolk Ins. Co.* v. *Boyden*, 9 Allen, 123. *International Trust Co.* v. *Boardman*, 149 Mass. 158. *Burlingame* v. *Good-speed*, 153 Mass. 24. *Warwicker* v. *Bretnall*, 23 Ch. D. 188. *Leeds* v. *Cheetham*, 1 Sim. 146. *Rayner* v. *Preston*, 18 Ch. D. 1. *Kearney* v. *Kearney*, 2 C. E. Green, 59, 71. The contract of insurance is a personal contract, and inures to the benefit of the party with whom it is made, and by whom the premiums are paid. It is a contract of indemnity against loss. The sum paid "is in no proper or just sense the proceeds of the property." *King* v. *State Ins. Co.* 7 Cush. 1. *Wilson* v. *Hill*, 3 Met. 66. *Suffolk Ins. Co.* v. *Boyden*, 9 Allen, 123. *Lerow* v. *Wilmarth*, 9 Allen, 382, 385. *Columbia Ins. Co.* v. *Lawrence*, 10 Pet. 507, 512.

It is not averred, and does not appear, that the defendant intended to make a present of the proceeds of the policy to the plaintiff, or was insuring for her benefit. Whether the amount

of indemnity received by the defendant for her loss was more or less than the value of her interest cannot affect the plaintiff. Nor can the defendant be converted into a trustee for the plaintiff by the mere fact that the amount which she received was equal to the full value of the house. It was paid to and received by her as indemnity for the loss which she had sustained, and, as already observed, does not stand in the place of the property insured.

In *Welsh* v. *London Assurance Co.* 151 Penn. St. 607, 617, relied on by the plaintiff, there was evidence that the life tenant intended to insure for the benefit of herself and the remainderman.

The plaintiff argues that sound public policy requires that money received by a life tenant on a total loss by fire should be used in rebuilding, or should go to the remainderman, reserving the interest to the life tenant for life. This argument proceeds on the assumption that the proceeds of the insurance take the place of the property insured, — a view which, as we have seen, is contrary to our own and other decisions.

We think that the decree dismissing the bill with costs should be affirmed, and it is                                   *So ordered.*