[S. F. No. 3187.   Department Two.—January 23, 1903.]

E.  M.  WHITE,  Respondent,  v.  ED.  GILMAN  et  al.,
Appellants.

VENDOR AND PURCHASER—CONTRACT OF SALE—INSURANCE BY VENDOR—
HOUSE ERECTED BY PURCHASER.—A vendor having a lien for pur-
chase money under an executory contract of sale of a lot, has an
insurable interest in a house erected on the lot by the purchaser to
the extent of the unpaid purchase money, and may insure the same
for his own benefit, to protect his own interest.

ID.—PAYMENT FOR LOSS—PURCHASE MONEY UNAFFECTED—DEED NOT
ENFORCEABLE.—Insurance money paid to the vendor upon loss of the
building by fire belongs solely to the vendor, if the purchaser has not
been charged with any part of the premium.   In such case the
purchaser cannot require that any part of the insurance money
shall be applied upon the purchase money; and so long as the
purchase money remains unpaid, the purchaser cannot enforce a
deed.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial. W. G. Lorigan, Judge.

The facts are stated in the opinion.

C. W. Cobb, and E. M. Rea, for Appellant.

The appellant was entitled to retain the entire insurance money, and the purchaser had no right to apply any part thereof upon the purchase money. (*Rayner* v. *Preston,* 18 Ch. Div. 1; *Castellain* v. *Preston,* 11 Q. B. 308; *King* v. *Preston,* 11 La. Ann. 95; *Cushing* v. *Thompson,* 34 Me. 496; 16 Am. & Eng. Ency. of Law, 2d ed., p. 844.)

J. S. Gage, for Respondent.

HAYNES, C.—Action to compel a conveyance of real estate by Gilman to the plaintiff. The other defendants were fictitious persons, and as to them the action was dismissed. Findings and judgment were for the plaintiff, and defendant, Gilman, appeals from an order denying his motion for a new trial. There is no appeal from the judgment.

Appellant's contention is, that certain of the findings are not justified by the evidence, and this contention should be sustained.

One Rucker sold to plaintiff, White, a vacant lot in his addition to the town of Campbell for the price of $215, payable in monthly installments of eight dollars per month. The contract was verbal, but White paid the first installment and took a receipt therefor signed by Rucker, the understanding being that Rucker should convey and plaintiff should execute a mortgage, and White went into possession at once, and erected a dwelling-house thereon costing about $650, and as soon as completed occupied it with his family. Afterward Rucker conveyed said lot to his sister, Mrs. Wayland, and shortly thereafter she conveyed it to the defendant, Gilman, each taking with knowledge of the above recited facts. After the conveyance to Gilman, and during the occupancy of the house by the plaintiff, Gilman took out a policy of insurance upon the house, which was shortly afterward, and while occupied by plaintiff, destroyed by fire, and Gilman was paid by the insurance company $250. Plaintiff was ignorant of the

fact of said insurance, which appears to have been taken in the early part of 1896. The fire occurred June 8, 1896, but plaintiff did not know of the collection of the insurance money by defendant until August, 1897; that in December, 1900, he presented to Gilman a deed for said lot and demanded that he sign and acknowledge it; that he did not offer to pay the defendant the remainder of the purchase money because he had received $250 of the insurance money. Plaintiff had paid two monthly installments, leaving unpaid $199, which amount plaintiff claims was received by defendant from the insurance company to plaintiff's use, and should be credited in payment of his remaining installments. This claim of the plaintiff is erroneous. He had no interest in the insurance effected by defendant. Each party had an insurable interest in the house. The plaintiff was a purchaser in possession, and could have insured the house, as owner, for his sole benefit; and if he had done so, in the absence of an agreement that the insurance should be paid to the vendor to the extent of the unpaid purchase money, the vendor could have no claim upon it. So, the defendant, having a vendor's lien, had an insurable interest to the extent of the unpaid purchase money, and could insure for his own benefit to protect his own interest, and having insured the building at his own expense, and for his own benefit, the plaintiff had no interest in the insurance money paid to defendant, and could not require that any part of it should be applied in satisfaction of the defendant's claim for the unpaid purchase money. The situation of the defendant is precisely the same, in this respect, as that of a mortgagee, and in such case it is said: "If the mortgagee procures an insurance to protect his own interest only, and the mortgagor is subjected to no charge on account of the premium, any money received in payment of the loss will not be applied for the benefit of the mortgagor." (Ostrander on Fire Insurance, 2d ed., pp. 355, 369; Kerr on Insurance, p. 677.) In *Ely* v. *Ely*, 80 Ill. 532, it was held: "Where a mortgagee insures property, the mortgagor, having no connection with it, cannot claim its benefit, but the mortgagee may receive and enjoy the insurance money and still collect the mortgage debt of the mortgagor." See, also, *Ridley* v. *Ennis*, 70 Ala. 463; *McIntire* v. *Plaisted*, 68 Me. 363; *Cushing* v.

*Thompson,* 34 Me. 496; *Carpenter* v. *Providence Washington Ins. Co.,* 16 Pet. 495.  The evidence that defendant insured the building and collected the insurance money, as above stated, does not support the finding that defendant was "fully paid all of the balance of the agreed purchase price of the land by his having collected, received, and retained" said insurance money.  There was no evidence that plaintiff had in any other manner paid on his said purchase more than fifteen dollars, or that he had ever offered to make any further payment thereon.

Other particulars wherein appellant contends the evidence is insufficient to justify the findings, are specified; but in view of our conclusion above stated it is not necessary to consider them.

The order appealed from should be reversed and a new trial granted.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed and a new trial granted.

McFarland, J., Henshaw, J., Van Dyke, J.