[Civ. No. 1085. First Appellate District.—October 29, 1912.]

## LOUIS J. SIEVERS, Respondent, v. UNION ASSURANCE SOCIETY OF LONDON (a Corporation), Appellant.

FIRE INSURANCE—BUILDING ON LEASED GROUND—INSURABLE INTEREST.—
A person who has erected a building on leased ground, under a lease which provides that it is "to revert to and become the property" of the lessor, upon the termination of the lease, has an insurable interest, to the extent of the profits derivable under the lease, and not to the value of the building.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

J. F. Riley, for Appellant.

L. S. Melsted, and E. H. Williams, for Respondent.

KERRIGAN, J.—This is an appeal from the judgment in favor of plaintiff and from an order denying defendant's motion for a new trial, in an action upon a policy of insurance against loss by fire.

From the record it appears that the plaintiff took out said policy in the defendant company, being in the sum of one thousand dollars, and upon a building erected on leased ground; that the lease contained no privilege of renewal, and the building at the expiration of the lease was to "revert to and become the property of" the lessor; that during the life of the policy and at a time one year lacking four days before the expiration of the lease, the building was totally destroyed by fire; that the plaintiff received a monthly rental from the building of $225, and paid $175 per month as ground rent, making a profit of fifty dollars a month; that the value of the building destroyed was $1,650.

The judgment was in favor of the plaintiff for the face of the policy, i. e., one thousand dollars.

We think, as contended by defendant, that the judgment should have been for the value of the interest of the insured, and not for the value of the building; in other words, that the

judgment is excessive by approximately four hundred dollars.

Section 2588 of the Civil Code provides that where, as here, the "name of the person intended to be insured is specified in the policy, it can be applied only to his own property interest."

To the same effect is section 2550 of the Civil Code, which reads: "The measure of an insurable interest in property is the extent to which the insured might be damnified by loss or injury thereof."

So, too, is section 2551, which provides: "The sole object of insurance is the indemnity of the insured, and if he has no insurable interest the contract is void."

The question was decided in the case of *Davis* v. *Phoenix Ins. Co.*, 111 Cal. 409, [43 Pac. 1115]. There the plaintiff had paid on account of the purchase price of certain property the sum of four hundred and fifty dollars, when it was destroyed by fire; the actual cash value was eight hundred dollars, and a policy of insurance for that amount had been issued to him. Under the terms of the contract of purchase the plaintiff was under no obligation to carry out the contract, he not having bound himself to pay the whole purchase price; and the court held that the extent of his insurable interest was the amount paid on account of the purchase of the property at the time of the fire. At page 415 of 111 Cal., [43 Pac. 1117] of the opinion the court observed: "What is the extent of plaintiff's insurable interest? Insurance is a contract whereby one, for a consideration, undertakes to compensate another if he shall suffer loss. It is a contract of indemnity. . . . Under such a contract reparation must be made to the injured for the loss which he has suffered through his interest in the subject matter, and to the extent of that interest, not exceeding the limit fixed by the policy. . . . In common parlance we speak of a house as being insured, but strictly speaking it is not the house but the interest of the owner therein that is insured. . . . "

The defendant contends that there is no sufficient allegation of nonpayment, and that the complaint is defective in several other respects. The defendant filed an answer, and the case was tried and decided as though the matters criticised by it were properly in issue. Hence, perhaps, the defects in the complaint must be regarded as cured. However that may be, the alleged defects are of such a character that they may be

easily remedied upon another trial, which must be had for the error discussed hereinbefore; so we do not deem it necessary to deal with them at length.

The judgment and order appealed from are reversed.

Hall, J., and Lennon, P. J., concurred.