GEORGE C. GEDDIS, SR., vs. ELIZABETH J. CONGDON
& others.

Bristol.    October 24, 1927. — January 14, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Trust*, What constitutes, Construction.

A father conveyed to one of his children as a trustee by a deed in the
statutory form real estate which had been their mother's and their
interest in which, after her death, they had conveyed to him.    The
trustee afterwards filed a declaration of trust which the father contended
was not in accordance with an oral agreement which had been made with
the trustee when he made the conveyance, and he brought a suit in
equity to set aside the trust deed and the declaration of trust and to have
the children required to execute instruments to effectuate the oral agree-
ment which he contended had been made.    A judge found that the
declaration of trust was in accordance with the agreement, and a final
decree was entered dismissing the bill.    Upon appeal by the plaintiff,
the evidence being reported, it was *held*, that
   (1) The purposes for which the trust was created, although not
expressed in the deed to the trustee, could be proved by parol;
   (2) The record did not disclose that the findings by the judge were
clearly wrong;
   (3) The plaintiff was bound by the provisions of the trust which, as
found by the judge, he had established of his own free will;
   (4) The decree dismissing the bill was affirmed.

BILL IN EQUITY, filed in the Superior Court on January 27,
1926, seeking cancellation of a deed by the plaintiff to the
defendant Elizabeth J. Congdon as trustee dated January 16,
1919, and a declaration of trust filed by the grantee therein,
and that the defendants be required "to execute such in-
struments as may be necessary to effect the intent of the
parties."

The suit was heard by *Walsh*, J., a stenographer having
been appointed under G. L. c. 214, § 24; Equity Rule 29
(1926) to take the evidence.    The judge filed a statement of
his findings and rulings.    Material facts found by him are
stated in the opinion.    By his order, a final decree was
entered dismissing the bill.    The plaintiff appealed.

*G. H. Potter*, for the plaintiff.

*F. W. Campbell*, for the defendants.

BRALEY, J.   The plaintiff, during the life of his first wife, bought two parcels of improved real property, taking title to one parcel in his own name and to the second parcel in the name of himself and of his wife Alice Geddis as tenants in common.   She died intestate August 31, 1915.   The defendants were the only children of the marriage, and on November 11, 1915, at the plaintiff's request they conveyed to him all the right, title and interest they inherited from their mother.   The plaintiff at the time of the conveyance stated that he did not intend to remarry and would make a will so that his children should have all of his property. But on January 16, 1919, in contemplation of a second marriage, he voluntarily, as the trial judge could find on the evidence, conveyed the property to the defendant Elizabeth J. Congdon, his daughter, as trustee, by deeds in the form prescribed by St. 1912, c. 502, §§ 2, 14, 15, which were duly recorded by her in the registry of deeds on January 17, 1919.   The plaintiff on June 1, 1920, had a declaration of trust prepared which the grantee was to execute, and it was transmitted and received by her.   The testimony of the grantee shows that she in good faith accepted the deed with the understanding between her and her father that the property thus conveyed was not a gift, but was to be held for his benefit, and upon his death she was to divide it equally with her brothers and sisters or their heirs.   The grantee however objected to the terms of the declaration because of the provision that "In the event of the marriage of the said George C. Geddis, and providing that his wife is living with him at the time of his decease, she shall receive one-third part of said premises," and correspondence followed between counsel for the grantee and counsel for the plaintiff.   It was claimed by the grantee that, in the oral discussions with his children preceding the creation of the trust, there was no agreement that, if the plaintiff married, his wife, if she survived him, should share in the distribution of the estate.

The purposes for which the trust was created, although not expressed in the deed to the trustee, could be proved

by parol. *Bailey* v. *Wood,* 211 Mass. 37, 42, 43, and cases cited. It is alleged in the ninth paragraph of the bill that the only understanding with reference to the trust is set forth in the declaration of trust. But the trustee refused to execute it and prepared and executed on April 12, 1921, a declaration of trust which without notice to the plaintiff she caused to be recorded. It never was assented to by him, and a comparison of the declaration of trust proposed by the plaintiff with the declaration as recorded shows not only the omission of any provision for his wife if he contracted a second marriage, but required that he should keep the property in good repair as directed by the trustee, and "shall keep the buildings thereon insured in a sufficient sum to protect same from damage by fire." The grantee testified and the defendants contend that this instrument accurately stated the terms of the trust. It was a question of fact whether in the antecedent conferences between the plaintiff and his children any understanding was reached that the plaintiff was to make repairs as the trustee directed, and also keep the property insured for protection against loss by fire. If it be assumed that the plaintiff as tenant for life under the first declaration of trust was required to make all ordinary and necessary repairs to preserve the property and to prevent its going to decay or waste, he was not bound under the first declaration to make repairs as directed by, or in accordance with the discretion of, the trustee, nor to keep the premises insured for the benefit of the children. *Harrison* v. *Pepper,* 166 Mass. 288. *Swaine* v. *Teutonia Fire Ins. Co.* 222 Mass. 108, 110.

It is manifest that the recorded declaration of trust imposed upon the plaintiff a greater expenditure than the burden which he purposed to assume. But the defendant Congdon testified that the declaration of trust as recorded was in conformity with the agreement as she understood it, and, the trial judge having found on the evidence that this was the general understanding and agreement of the parties, we cannot find on the record that his conclusion was plainly wrong. While the plaintiff prays for cancellation of the deed and a reconveyance of the property, he is bound by the

trust which he has established of his own free will, and the decree dismissing the bill must be affirmed with costs. *Jones* v. *Old Colony Trust Co.* 251 Mass. 309, 312.

                                        *Ordered accordingly.*