[Sac. No. 4581. In Bank.—December 5, 1932.]

FRED CORDER, Appellant, v. DONALD McDOUGALL, Administrator, etc., Respondent.

Charles H. Crocker for Appellant.

White, Miller, Needham, Harber & Sumner Mering and Dinkelspiel & Dinkelspiel for Respondent.

WASTE, C. J.—Appeal on judgment-roll alone from judgment for defendant in an action brought to determine whether the personal representative of a deceased life tenant had exclusive right to the proceeds of a $2,000 fire insurance policy taken out by the life tenant and the insurance thereafter paid to him and deposited in bank with his other funds. The appellant remainderman opposed the claim of the personal representative, and brings this appeal.

The deceased was the life tenant of a small piece of property and improvements. The appellant remainderman is the owner of the fee, subject and subordinate to the life estate of the deceased. The deceased insured the dwelling and improvements and paid the premiums. The insured property was destroyed by fire, and the amount of the policy was paid to the deceased and deposited by him in a bank. The identity of the insurance money was not lost, and, as so

identified, passed into his estate. The appellant remainder-man demanded of the personal representative the payment of all moneys paid to the deceased by the insurance company, contending that the insurance fund was substituted for the destroyed property, and, after the death of the life tenant, was payable to the remainderman, inasmuch as the status of the two estates had not been changed by the conversion, and that the life tenant was a trustee for the remainderman.

While the exact question presented is novel in California, respondent's position that the life tenant had the exclusive right to the benefit of insurance taken out by him, and that there had been no transmutation of the destroyed buildings into money as a substitute, must be sustained. There are facts in *Thompson* v. *Gearheart*, 137 Va. 427 [35 A. L. R. 36, 119 S. E. 67, 68], sufficiently analogous to those here under review to render the decision in that case an authority here. The court said: "The life tenant was under no obligation to insure the property for the benefit of the remaindermen. Each of them had an insurable interest in the property, but a policy in the name of one could not cover the interest of the other. The nature and effect of an insurance contract is to indemnify the *insured* against loss or damage, and not someone else who is not a party to the contract; nor has such other party any lawful claim upon the amount realized by the assured under the policy."

A similar holding is found in *Addis* v. *Addis*, 60 Hun, 581 [14 N. Y. Supp. 657], where the court held that under like circumstances the life tenant "is in no sense a trustee for the remainderman". In *Bennett* v. *Featherstone*, 110 Tenn. 27 [71 S. W. 589], the court said: "There is no legal obligation on the part of the life tenant to take out insurance on the interest of the remainderman. An insurance taken out by the life tenant must be shown to have been stipulated or intended to cover the interest of the remainderman and unless such fact appears it will be treated as a contract for personal indemnity to the life tenant and he will be entitled to the proceeds to the exclusion of the remainderman." (See, also, *Harrison* v. *Pepper*, 166 Mass. 288 [55 Am. St. Rep. 404, 33 L. R. A. 239, 44 N. E. 222]; *Sanders* v. *Armstrong*, 22 Ky. Law Rep. 1789 [61 S. W. 700], and other cases cited and discussed in the note to *Thompson* v. *Gearheart*, 35 A. L. R. 36, *supra*.

The language of this court in *Anderson* v. *Quick*, 163 Cal. 658 [126 Pac. 871], while addressed to a somewhat different set of facts, is quite persuasive when applied to the case now before us. In that case an owner took out insurance covering a building in the course of erection by a contractor. The plaintiff Anderson was the contractor who, with the defendant Quick, as owner, had agreed to erect a seven-story brick building upon a lot in San Francisco. The building was destroyed by fire prior to its completion. The court held that the contractor had no interest in the proceeds of the policy which Quick, as owner, had carried for his protection. We quote from the opinion as follows (p. 662): "What we have said disposes of all the points made by appellant, with the exception of the suggestion that the result of the judgment appealed from is to make the defendant an actual gainer by reason of the partial destruction of the work. In so far as this conclusion rests upon the fact that the defendant collected insurance money, it may be said that this is a matter wholly between the defendant and the insurers, and in no way a concern of the plaintiff. The plaintiff could have protected his interest by insurance. Not having done so, he is not entitled to share in the proceeds of the insurance taken out by the owner."

The inevitable conclusion to be drawn from these authorities is that the plaintiff Corder, as a stranger to the contract between the deceased and the fire insurance company, had no interest in the proceeds paid to him by reason of that policy. The duty of a life tenant to insure must precede the right of the remainderman to participate in such proceeds. No such obligation is imposed upon a life tenant of California lands. His duty is as prescribed in sections 818 and 840 of the Civil Code. An arrangement obligating the life tenant so to protect the interest of the remainderman might be entered into, but such arrangement is no part of the instant case.

The judgment is affirmed.

Preston, J., Langdon, J., Shenk, J., Seawell, J., Curtis, J., and Tyler, J., *pro tem.*, concurred.