[L. A. No. 26901. In Bank. Oct. 4, 1962.]

DOROTHY RUSSELL, Plaintiff and Appellant, v. R. E. WILLIAMS, as Administrator, etc., Defendant and Respondent.

Johnson, Thorne, Speed & Bamford, Arthur L. Johnson and Lee Newfield for Plaintiff and Appellant.

Alden Reid for Defendant and Respondent.

THE COURT.—Plaintiff appeals from an adverse judgment in her action to recover from the estate of her former husband the proceeds of a fire insurance policy. A hearing was granted by this court, after decision by the District Court of Appeal, Fourth Appellate District, for the purpose of giving further study to the problems presented. After such study

we have concluded that the opinion of the District Court of Appeal, prepared by Justice Coughlin and concurred in by Presiding Justice Griffin and by Justice Shepard, correctly treats and disposes of the issues involved, and it is therefore, with certain further comments pertinent to contentions urged, adopted as the opinion of this court. Such opinion (with appropriate deletions and additions as indicated) is as follows:[1]

The issue on this appeal is whether a surviving joint tenant may recover from the estate of a deceased joint tenant the proceeds of a fire insurance policy covering improvements on their joint-tenancy property, the policy [ ] [having been] issued to and paid for by the joint tenant who now is deceased, and the loss [ ] [having occurred] prior to his death.

This case was decided upon a stipulation of facts that: Dorothy Mouser, now Dorothy Russell, the plaintiff and appellant herein, and John Mouser, now deceased, whose estate is being administered by the defendant and respondent herein, while husband and wife, owned the subject property as joint tenants; in October 1957, Mrs. Mouser separated from Mr. Mouser and went to Nevada where she obtained a divorce on November 13th of that year; the divorce decree so obtained made no provision respecting any property rights of the parties and they did not enter into any property settlement agreement; the title to the subject property continued in joint tenancy and Mr. Mouser continued to live thereon until his death on June 3, 1958; in the interim, i.e., on November 29, 1957, he obtained a policy of fire insurance covering the improvements on that property, which was issued to him as the sole insured, the premiums being paid from his separate funds; no agreement existed between Mr. and Mrs. Mouser respecting the placing of any fire insurance upon the premises nor concerning the disposition of the proceeds of any such policy, and the subject policy was issued without her knowledge; about six weeks prior to Mr. Mouser's death, the improvements in question were destroyed by fire, and thereafter

---

[1]Brackets together, in this manner [ ], are used to indicate deletions from the opinion of the District Court of Appeal; brackets enclosing material (other than editor's added parallel citations) are, unless otherwise indicated, used to denote insertions or additions by this court. We thus avoid the extension of quotation marks within quotation marks which would be incident to the use of such conventional punctuation, and at the same time, accurately indicate the matter quoted. (See, e.g., *People* v. *Lyons* (1956) 47 Cal.2d 311, 314 [303 P.2d 329]; *Simmons* v. *Civil Service Empl. Ins. Co.* (1962) 57 Cal.2d 381, 383 [19 Cal.Rptr. 662, 369 P.2d 262].)

the proceeds of the policy, representing the full value of the destroyed premises, were paid to the administrator of his estate.

Mrs. Mouser became the sole owner of the property and brought this action to recover the proceeds in question, alleging that the defendant estate became "indebted to plaintiff for moneys had and received for the use and benefit of plaintiff."

Primarily, the plaintiff's claim is based on the contention that the moneys paid by the insurance company under the subject policy constituted proceeds of the property that was destroyed and retains the character of that property. This is a false premise.

It is a principle of long standing that a policy of fire insurance does not insure the property covered thereby, but is a personal contract indemnifying the insured against loss resulting from the destruction of or damage to his interest in that property. (*Alexander* v. *Security-First Nat. Bank* (1936) 7 Cal.2d 718, 722-723 [2] [62 P.2d 735]; *Corder* v. *McDougall* (1932) 216 Cal. 773, 774 [1] [16 P.2d 740]; *Davis* v. *Phoenix Ins. Co.* (1896) 111 Cal. 409, 414-415 [43 P. 1115]; *Fred A. Chapin Lumber Co.* v. *Lumber Bargains, Inc.* (1961) 189 Cal.App.2d 613, 617 [2] [11 Cal.Rptr. 634]; cf. *Sievers* v. *Union Assur. Soc. of London* (1912) 20 Cal.App. 250, 251 [128 P. 771]; *Murray* v. *Webster* (1951) 256 Ala. 248 [54 So.2d 505, 508 [3]].) This principle gives rise to the supplemental rule that, in the absence of a special contract, the proceeds of a fire insurance policy are not a substitute for the property the loss of which is the subject of indemnity. (*Alexander* v. *Security-First Nat. Bank, supra,* 7 Cal.2d 718, 722 [2]; *Corder* v. *McDougall, supra,* 216 Cal. 773, 774 [1]; *Walsh* v. *Tadlock* (1939) 104 F.2d 131, 132; *Montgomery* v. *Hart* (1932) 225 Ala. 471 [144 So. 101, 102 [1]]; *Langford* v. *Searcy College* (1904) 73 Ark. 211 [83 S.W. 944, 946]; *Ketcham* v. *Ketcham* (1915) 269 Ill. 584 [109 N.E. 1025, 1027 [2]]; *Crook* v. *Hartford Fire Ins. Co.* (1935) 175 S.C. 42 [178 S.E. 254, 257 [3]]; *Steinmeyer* v. *Steinmeyer* (1902) 64 S.C. 413 [42 S.E. 184, 186, 92 Am.St.Rep. 809, 59 L.R.A. 319]; *Graham* v. *American Fire Ins. Co.* (1897) 48 S.C. 195 [26 S.E. 323, 332, 59 Am.St.Rep. 707].) In *Spalding* v. *Miller* (1898) 103 Ky. 405 [45 S.W. 462, 464] the court said, with respect to the payments made under such a policy: "The sum paid 'is in no proper or just sense the proceeds of the property.'" [See also *Anderson* v. *Quick* (1912) 163 Cal. 658,

662 [126 P. 871]; *Benton* v. *Cravens, Dargan & Co.* (1961) 188 Cal.App.2d 637, 642-643 [3] [10 Cal.Rptr. 740].] ■ As a consequence, the plaintiff has no claim to the proceeds of the insurance paid to Mr. Mouser's estate upon the ground that they are proceeds of the joint-tenancy property of which she now is sole owner.

There are instances where, because of contractual provisions or equitable considerations, the insured holds the proceeds of a fire insurance policy in trust for or otherwise subject to the claim of others who have an interest in the property covered by the subject policy. (*Alexander* v. *Security-First Nat. Bank* (1936) *supra,* 7 Cal.2d 718, 726 [7]; *Hawes* v. *Lathrop* (1869) 38 Cal. 493 [497-498]; *Fred A. Chapin Lumber Co.* v. *Lumber Bargains, Inc.* (1961) *supra,* 189 Cal.App.2d 613, 617 [3]; *Rogge* v. *Menard County Mutual Fire Insurance Co.* (1960) 184 F.Supp. 289, 295; *Crook* v. *Hartford Fire Ins. Co.* (1935) *supra,* (S.C.) 178 S.E. 254, 258 [4]; *Gibbes Machinery Co.* v. *Niagara Fire Ins. Co.* (1922) 119 S.C. 1 [111 S.E. 805, 21 A.L.R. 1460].) ■ However, unless the insured has an obligation to insure, or equitable considerations are present, the proceeds of a policy issued to and paid for by the named insured on his separate insurable interest are not subject to the claims of others who also have an interest in the property covered by the policy. (*Alexander* v. *Security-First Nat. Bank* (1936) *supra,* 7 Cal.2d 718, 726 [7-8]; *Corder* v. *McDougall* (1932) *supra,* 216 Cal. 773; *Board of Education* v. *Winding Gulf Collieries* (1945) 152 F.2d 382, 384 [2]; *Montgomery* v. *Hart* (1932) *supra,* 225 Ala. 471 [144 So. 101, 102 [1]]; *Farmers' Mut. Fire & Lightning Ins. Co.* v. *Crowley* (1945) 354 Mo. 649 [190 S.W.2d 250, 252 [2-3]]; *Underwood* v. *Fortune* (1928) (Mo.App.) 9 S.W.2d 845, 846 [1].)

■ There is no obligation upon the part of one cotenant to insure the other cotenant against loss of the latter's interest in their jointly owned property. (*Oglesby* v. *Hollister* (1888) 76 Cal. 136, 140 [18 P. 146, 9 Am.St.Rep. 177]; *Murray* v. *Webster* (1951) *supra,* 256 Ala. 248 [54 So.2d 505, 508 [3]]; *Bell* v. *Barefield* (1929) 219 Ala. 319 [122 So. 318, 319 [2]]; cf. *In re Cochran's Real Estate* (1949) 31 Del. Ch. 545 [66 A.2d 497, 500 [13]; *Schilbach* v. *Schilbach* (1937) 171 Md. 405 [189 A. 432, 434].) As to this matter there is no distinction between the various types of cotenancy. Analogously it has been held that there is no duty upon a life tenant to insure for the benefit of the remaindermen. (*Corder* v. *McDougall* (1932) *supra,* 216 Cal. 773, 775; *Harrison* v. *Pepper* (1896)

166 Mass. 288 [44 N.E. 222, 55 Am.St.Rep. 404, 33 L.R.A. 239]; *Geddes* v. *Congdon* (1928) 262 Mass. 294 [159 N.E. 915, 916 [2]]; *Farmers' Mut. Fire & Lightning Ins. Co.* v. *Crowley* (1945) *supra*, (Mo.) 190 S.W.2d 250, 253 [5].) Cases to the contrary from other jurisdictions, which have been cited by the plaintiffs, are not controlling.

Following the rules heretofore stated, the right of one cotenant to recover the proceeds of a policy of insurance issued to another cotenant has been denied. (*Bell* v. *Barefield* (1929) *supra*, 219 Ala. 319 [122 So. 318, 319]; *Herrington* v. *Herrington* (1929) 40 Ga.App. 652 [151 S.E. 114]; *Crabtree* v. *Maupin Seed Co.* (1927) (Mo.App.) 294 S.W. 433, 435; *Annely* v. *De Saussure* (1887) 26 S.C. 497 [2 S.E. 490, 495, 4 Am.St.Rep. 725]; *Newsome* v. *St. Paul Mercury Ins. Co.* (1960) (Tex. Civ.App.) 331 S.W.2d 497; cf. *Conley* v. *Fidelity-Phoenix Fire Ins. Co. of New York* (1952) 102 F.Supp. 474; *Murray* v. *Webster* (1951) *supra*, 256 Ala. 248 [54 So.2d 505, 508]; *Ritson* v. *Atlas Assur. Co.* (1930) 272 Mass. 73 [171 N.E. 448].) The same ruling has been applied as between a life tenant and a remainderman (*Corder* v. *McDougall* (1932) *supra*, 216 Cal. 773; *Board of Education* v. *Winding Gulf Collieries* (1945) *supra*, 152 F.2d 382, 384 [2]; *Harrison* v. *Pepper* (1896) *supra*, 166 Mass. 288 [44 N.E. 222]); lessor and lessee (*Alexander* v. *Security-First Nat. Bank* (1936) *supra*, 7 Cal.2d 718, 723 [3]); mortgagor and mortgagee (see *Alexander* v. *Security-First Nat. Bank, supra*; *Eagle Star & British Dominions* v. *Tadlock* (1938) 22 F.Supp. 545, 547 [6]; *White* v. *Gilman* (1903) 138 Cal. 375 [377] [71 P. 436]); partners (*American Cent. Ins. Co.* v. *Harrison* (1947) (Tex. Civ.App.) 205 S.W.2d 417, 421); builder and owner (*Anderson* v. *Quick* (1912) 163 Cal. 658, 662 [126 P. 871]); and vendor and vendee (*White* v. *Gilman, supra*), subject to certain equitable considerations. (See *Alexander* v. *Security-First Nat. Bank, supra*, 7 Cal.2d 718, 727 [9]; *In re Future Manufacturing Cooperative, Inc.* (1958) 165 F.Supp. 111, 116 [3].)

 It has been held that where the policy of insurance purports to cover the interest of all cotenants, the question of the right of the noninsuring cotenant to a part of the proceeds, upon occurrence of a loss, is dependent upon equitable circumstances. (*Miles* v. *Miles* (1924) 211 Ala. 26 [99 So. 187, 190]; *Currier* v. *North British etc. Co.* (1953) 98 N.H. 366 [101 A.2d 266, 267]; *Farmers' Mut. Fire & Lightning Ins. Co.* v. *Crowley* (1945) 354 Mo. 649 [190 S.W.2d 250, 253

[4-5].) ██ On the other hand, it also has been held that the mere fact that the proceeds of a fire insurance policy equal the full value of the property destroyed does not entitle the owners of noninsured interests in that property to recover a part of those proceeds. (*Board of Education* v. *Winding Gulf Collieries* (1945) *supra,* 152 F.2d 382, 384 [2] ; *Rogge* v. *Menard County Mutual Fire Insurance Co.* (1960) *supra,* 184 F.Supp. 289, 294; *Murray* v. *Webster* (1951) *supra,* 256 Ala. 248 [54 So.2d 505, 508 [3]] ; *Farmers' Mut. Fire & Lightning Ins. Co.* v. *Crowley, supra,* (Mo.) 190 S.W.2d 250, 252 [6] ; *Underwood* v. *Fortune* (1928) *supra,* (Mo.App.) 9 S.W.2d 845, 856 [5] ; *Gorman's Estate* (1936) 321 Pa. 292 [296] [184 A. 86, 87].) ██ In the instant case, even though the amount of the proceeds obtained from the policy of insurance represented the full value of the property destroyed, no equitable considerations exist which require a determination, as a matter of law, that the plaintiff was entitled to any portion thereof. She separated from Mr. Mouser and left him in full possession of the property; he obtained a policy which insured his interest therein and paid the premium thereon; and she had no knowledge or agreement with respect thereto. It may not be assumed that the policy in question covered the plaintiff's interest. Under the statutes of this state a fire insurance policy must specify the "interest of the insured in property insured, if he is not the absolute owner thereof" (Ins. Code, § 381) ; and, pursuant to the requirements of the standard form prescribed therefor, must recite that the amount payable thereunder, in any event, shall not be "for more than the interest of the insured" (Ins. Code, § 2071). Under the circumstances, the plaintiff's claim is wholly without foundation.

In support of her position, plaintiff cites the decisions in *Hawes* v. *Lathrop* (1869) *supra,* 38 Cal. 493 and *Estate of MacDonald* (1955) 133 Cal.App.2d 43 [283 P.2d 271]. In the former, i.e., *Hawes* v. *Lathrop, supra,* 38 Cal. 493, property was transferred in trust for school purposes with a remainder reserved to the grantor; the trustees caused a policy of fire insurance covering the same to be issued to them; a fire and consequent loss resulted; the trustees decided to terminate the trust and return the property to the grantor; and the court determined that the trustees held the insurance proceeds "in their fiduciary, and not in their private capacity," were not entitled thereto, and the disposition thereof should be governed by the terms of the trust which required a return

of the trust corpus to the grantor upon termination. In the latter case, i.e. *Estate of MacDonald, supra,* 133 Cal.App.2d 43, the policy of insurance, which covered an automobile, provided that in the event of damage thereto, the insurance company might either repair the damage or purchase the automobile and pay the insured its value prior to loss; the insured was killed in an accident which resulted in damage to the subject automobile; it had been bequeathed by a will previously executed; the insurance company exercised its option to purchase the automobile and pay the value thereof rather than repair the same; and the court held that the legatee to whom the automobile had been bequeathed was entitled to the insurance proceeds in question upon the ground that she would have received the damaged automobile if the insurance company had not exercised its option to purchase, that the automobile so bequeathed was subject to the insurance contract which contained this option, and that the legatee should receive the benefits of that contract upon the exercise of that option. The decisions in the cited cases are not in conflict with the views heretofore expressed in this opinion.[]

[It may further be noted that in *Estate of MacDonald* the decedent had by her will demonstrated an intent that her legatee should receive the automobile, whereas in the present case decedent Mr. Mouser by purchasing with his *separate funds* fire insurance payable *to himself alone* evidenced an intent to protect only his own interest in the property and not that his cotenant should share in any proceeds of the insurance contract to which she was not a party and for which she gave no consideration.

[Plaintiff suggests that if the parties had wished to dissolve the joint tenancy by partition or other means, they could have done so; that in such event plaintiff would have been entitled to one-half of the property or its value; that to permit defendant to retain the proceeds of the fire insurance on the destroyed improvements "frustrates the parties' intent by allowing the non-survivor to receive the full value of the joint tenancy"; that "the equities" therefore require that plaintiff prevail herein. This contention is without merit either in fact or at law. In the first place the nonsurvivor here does *not* "receive the full value of the joint tenancy." To the contrary, plaintiff is now the sole owner, free from any claim of interest therein by Mr. Mouser's estate, of all the subject real property which was held in joint tenancy at the time such tenancy terminated. The stipulated facts

show that such real property comprises 13 acres of land in the County of San Bernardino, and that the fire insurance proceeds paid to defendant administrator pursuant to decedent's contract amounted to $8,084.30. No showing has been made as to the value of the 13 acres of land received by plaintiff, and for aught that appears from the record such land may have a value in excess of the insurance money received by Mr. Mouser's estate under the personal insurance contract with him which, it is stipulated, he purchased with his separate funds. Under the circumstances plaintiff has not shown that either legal or equitable considerations support her claims.]

The judgment is affirmed.