Michael H. BONAPARTE,
Plaintiff–Appellant,

v.

ALLSTATE INSURANCE COMPANY,
Defendant–Appellee.

Michael H. BONAPARTE, Plaintiff,

and

Robert C. Garcia; D'Anne Bonaparte Garcia, Plaintiffs–Appellants,

v.

ALLSTATE INSURANCE COMPANY,
Defendant–Appellee.

Nos. 93–55368, 93–55373.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 1994.

Decided Dec. 19, 1994.

Order and Opinion Filed March 2, 1995.

---

Michael H. Bonaparte, pro se.

Robert C. Garcia, pro se.

D'Anne B. Garcia, pro se.

Melody S. Mosley, Catherine K. La Tempa, Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone, Irvine, CA, for defendant-appellee.

### ORDER

The memorandum disposition filed December 19, 1994, is redesignated as an authored opinion by Judge Wiggins.

Before: WIGGINS, KOZINSKI, and THOMPSON, Circuit Judges.

WIGGINS, Circuit Judge:

## OVERVIEW

Michael H. Bonaparte, Robert C. Garcia, and D'Anne Bonaparte Garcia (referred to collectively as "Appellants") appeal the district court's grant of summary judgment in favor of Allstate Insurance Company ("Allstate"). Appellants sued Allstate to recover proceeds under an insurance policy for property that had been destroyed by fire. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## FACTS

In August 1988, Bonaparte sold the property at issue in this case (a lot and a residence) to the Taylors. Bonaparte held a second deed of trust secured by the property and the Spencers held the first deed of trust. The first deed of trust was brokered by Tiffany Mortgage Company ("Tiffany"). Tiffany, acting as the Taylors' agent, obtained insurance on the residence through Allstate. The policy named the Taylors as insureds and Tiffany as the first mortgage holder.

On April 26, 1990, Bonaparte foreclosed on the property and Appellants became the owners, subject to the Spencers' first deed of trust. The Taylors remained in possession of the property. Bonaparte claims he informed Tiffany of the change in ownership "on or about May 1, 1990." In August 1990, Tiffany renewed the insurance policy, but failed to substitute Appellants for the Taylors as the named insureds on the policy.

The residence was destroyed by fire on January 16, 1991. Allstate denied both Appellants' and the Taylors' claims for loss of the residence. On January 19, 1992, the Taylors assigned their interest in the insurance proceeds to Appellants, except to the extent of their reimbursement for personal property losses. The district court granted Allstate's motion for summary judgment on all three of Appellants' theories of recovery, described below.

## DISCUSSION

### I. STANDARD OF REVIEW

The district court's grant of a summary judgment motion is reviewed *de novo*. *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir.1994). The appellate court determines the propriety of summary judgment using the same standard as that used by the district court under Federal Rule of Civil Procedure 56(c). *Id.*

### II. REFORMATION THEORY

■ The general rule in California limits recovery of proceeds under an insurance contract to the named insureds. *See, e.g., Russell v. Williams*, 58 Cal.2d 487, 24 Cal.Rptr. 859, 862, 374 P.2d 827, 830 (1962) (per curiam). Appellants concede they are not the named insureds on the Allstate policy. Appellants' first theory of recovery therefore calls for reformation of the insurance contract to name Appellants, as owners of the property, as the insureds.

■ Under California law, a contract may be reformed either for "a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected." Cal.Civ.Code § 3399 (West 1970). Neither type of mistake occurred here and therefore summary judgment for Allstate on the reformation theory was appropriate.

■ There is no factual basis for a claim of mutual mistake. The Taylors' declaration indicates an intention on their part to name Appellants as the insureds following Appellants' assumption of ownership. However, Appellants have produced no evidence that Allstate, as the other party to the insurance contract, had a similar intent, and Allstate has vigorously denied having such an intent. We reject Appellants' argument that we should deem Allstate to have intended to insure the "actual owners" of the property, whoever they were. An insurance contract is personal and provides protection for the named insured, not for a general class of "actual owners." *See Russell*, 24 Cal.Rptr. at 862, 374 P.2d at 830.

■ This case also does not involve a unilateral mistake by one party (the Taylors) that was known or suspected by the other

party (Allstate). There is no dispute that Allstate did not have actual knowledge of any mistake by the Taylors and there is no reason to conclude that Allstate had imputed knowledge. To find imputed knowledge, we would have to conclude that Tiffany was Allstate's agent. *See Eagle Indemnity Co. v. Industrial Accident Comm.*, 92 Cal.App.2d 222, 206 P.2d 877, 879 (1949). This conclusion is contrary to the usual presumption, *see, e.g., Washington Int'l Ins. Co. v. Mellone*, 773 F.Supp. 189, 192 (C.D.Cal.1990) (under California law, insurance broker generally is deemed to be the agent of the insured and not the insurer), and is not warranted on the facts of this case, where the evidence Appellants have produced suggests only that Tiffany was the Taylors' agent, not Allstate's.

## III. ASSIGNMENT AND EQUITABLE LIEN THEORIES

■ Before reaching the merits of either the assignment or the equitable lien theory, Appellants initially must show that the Taylors (as named insureds) had an "insurable interest" in the property at the time of the fire. Cal.Ins.Code § 286 (West 1993). Under California law, an "insurable interest" means a "pecuniary interest." *California Food Serv. Corp. v. Great Am. Ins. Co.*, 130 Cal.App.3d 892, 182 Cal.Rptr. 67, 70 (1982); *Royal Ins. Co. v. Sisters of Presentation*, 430 F.2d 759, 761 (9th Cir.1970) (interpreting California law).

Appellants argue that the Taylors retained an "insurable interest" in the property even after Bonaparte foreclosed and Appellants assumed ownership. They make essentially two arguments. First, according to Appellants, the Taylors have an insurable interest based on their continuing liability under the first deed of trust (held by the Spencers). Second, the Taylors allegedly have an insurable interest based on their continued occupation of the property after Bonaparte foreclosed on the second deed of trust. Neither

argument creates an insurable interest for the Taylors, and therefore neither provides a basis for Appellants' assignment and equitable lien theories. We accordingly affirm the district court's entry of summary judgment for Allstate on both of those theories.

### A. The Taylors Do Not Have an Insurable Interest Arising from the First Trust Deed

■ California Civil Procedure Code § 580b eliminates any personal liability of the Taylors on the first deed of trust and thereby eliminates any "insurable interest." [1] Section 580b, where applicable, "prohibits a foreclosing mortgagee from proceeding personally against a mortgagor to recover a deficiency after the security is exhausted." *Walters v. Marler*, 83 Cal.App.3d 1, 147 Cal. Rptr. 655, 669 (1978). Although it does not expressly refer to situations involving two deeds of trust, only foreclosure of the first deed of trust is relevant here. Section 580b does apply to the first trust deed, which is a "purchase money mortgage" covered by the statute. *See Spangler v. Memel*, 7 Cal.3d 603, 102 Cal.Rptr. 807, 811, 498 P.2d 1055, 1059 (1972). Therefore, section 580b precludes the Spencers, as first deed holders, from recovering any deficiency from the Taylors personally, and the section accordingly deprives the Taylors of a pecuniary interest arising out of the first trust deed.

### B. The Taylors Do Not Have an Insurable Interest Arising out of Their Tenancy

■ Following Bonaparte's foreclosure on the property and Appellants' assumption of ownership, the Taylors continued to occupy the premises, but without Appellants' permission. Indeed, by the time of the fire, Appellants had already secured an unlawful detainer judgment against the Taylors. The Taylors therefore were not in lawful possession of the premises and they could not have had any expectation that they would be allowed

1. Section 580b provides:
   No deficiency judgment shall lie in any event after a sale of real property or an estate for years therein for failure of the purchaser to complete his or her contract of sale, or under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property or estate for

years therein, or under a deed of trust or mortgage on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of that dwelling occupied, entirely or in part, by the purchaser. Cal.Civ.Proc.Code § 580b (West Supp.1994).

to remain on the property. Without such an expectation, the Taylors cannot claim an insurable interest based on occupancy because destruction of the premises would not.create any pecuniary loss for them. *Cf. Royal Ins. Co.,* 430 F.2d at 761 (insured society, which held legal title to the property, nevertheless had no insurable interest in the property where it could not suffer a loss from the property's unexpected destruction because the society had a contractual obligation to abandon and destroy the building); *Smith v. Royal Ins. Co.,* 111 F.2d 667, 670 (9th Cir.) (destruction of property results in insurable loss for a tenant in "permissive possession" of the premises because destruction "would necessarily result in the termination of his tenancy"), *cert. denied,* 311 U.S. 676, 61 S.Ct. 43, 85 L.Ed. 435 (1940).

## CONCLUSION

Because Appellants cannot prevail on any of their theories, the district court's grant of summary judgment for Allstate is AFFIRMED.