**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10054 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00617-RS-1 |
| v. | |
| RAMIN BIBIAN, AKA Ray Fray, AKA Tova Godsi, AKA Arya Jahan, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted March 12, 2015
San Francisco, California

Before: BERZON, BYBEE, and OWENS, Circuit Judges.

Ramin Bibian pleaded guilty to knowingly transferring false identification

documents in violation of 18 U.S.C. § 1028. Bibian appeals from the district

court's order denying his motion to strike or reform his plea agreement. Because

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

we conclude that Bibian knowingly and voluntarily waived his right to appeal, we dismiss for lack of jurisdiction.

Bibian argues that his appellate waiver was unknowing, and is thus unenforceable, because, he contends, the criminal forfeiture amount in his plea agreement is ambiguous and resulted from the parties' mutual mistake. He points out that paragraph 11 of his plea agreement specifies criminal earnings of $1.9 million and a forfeiture amount of $1.9 million, while paragraph 2 indicates a range of criminal earnings between $1 million and $1.9 million. He argues that he did not intend to consent to the $1.9 million forfeiture judgment that the district court entered.

We will enforce a defendant's appellate waiver in his plea agreement if "(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (citation and internal quotation marks omitted). However, we have held that a waiver of the right to appeal a restitution order is not knowing and voluntary where the plea agreement is "ambiguous regarding the amount of restitution." *United States v. Phillips*, 174 F.3d 1074, 1076 (9th Cir. 1999).

Bibian's plea agreement was by no means a model of clarity. However, paragraph 11 included a fixed forfeiture amount of $1.9 million, and that forfeiture amount was not rendered ambiguous by Bibian's admission in paragraph 2 that he earned between $1 million and $1.9 million through his criminal dealings. The cases in which we have refused to enforce appellate waivers due to ambiguity regarding the amount of restitution have involved plea agreements that did not include a fixed restitution amount. *See United States v. Tsosie*, 639 F.3d 1213, 1218 (9th Cir. 2011); *United States v. Gordon*, 393 F.3d 1044, 1050 (9th Cir. 2004); *Phillips*, 174 F.3d at 1076. Because Bibian's plea agreement unambiguously set forth a fixed forfeiture amount, Bibian's appellate waiver is enforceable.

Furthermore, even if we were to invalidate Bibian's appellate waiver based on the ambiguity between the two earnings statements, we would affirm the district court's denial of Bibian's motion to strike or reform his plea agreement as to the forfeiture provision. A court may not reform a plea agreement or other contract on the basis of mutual mistake absent clear and convincing evidence of such mistake. *See United States v. Anglin*, 215 F.3d 1064, 1067 (9th Cir. 2000); *20th Century Ins. Co. v. Liberty Mut. Ins. Co.*, 965 F.2d 747, 759 n.12 (9th Cir. 1992). Here, even if there were evidence that *Bibian* mistakenly agreed to the $1.9 million forfeiture

amount, there is no evidence that the *government* agreed to that amount by mistake, or took advantage of Bibian's unilateral mistake. *See Bonaparte v. Allstate Ins. Co.*, 49 F.3d 486, 488 (9th Cir. 1994) (unilateral mistake not known or suspected by the other party is not a basis for reformation). The only evidence in support of Bibian's mutual mistake argument does not come close to meeting the clear and convincing evidence standard. *See Anglin*, 215 F.3d at 1067. Bibian argues that due to eleventh hour negotiations and revisions, the parties inadvertently removed the range of potential criminal earnings from paragraph 11 of the plea agreement, but it is just as likely that the parties inadvertently *neglected to remove* the range from paragraph 2. The district court therefore did not clearly err in finding[1] there was no mutual mistake.

Bibian also argues that the district court should have struck the plea agreement's $1.9 million forfeiture amount because he did not knowingly agree to that amount, even if the government did. Bibian suggests that this is an alternative argument for which he sought an "alternate form of relief." However, positing that he unknowingly agreed to the forfeiture amount is merely another way of saying that he mistakenly agreed to it, *see United States v. Greer*, 640 F.3d 1011, 1020

---

[1] Contrary to Bibian's assertion, the district court did make a finding of fact that there was no "'mutual mistake'" after weighing "evidence from *both* parties." (emphasis added).

(9th Cir. 2011) (approving instruction that an act is knowing if not done by mistake); and requesting that a court strike language from an agreement is merely another way of seeking contract reformation, *see Pac. Metal Co. v. Joslin*, 359 F.2d 396, 397 (9th Cir. 1966) (affirming district court's refusal to reform contract by striking language). Even if Bibian unknowingly agreed to the $1.9 million forfeiture amount, a court may not reform his plea agreement by striking the forfeiture provision. *See Bonaparte*, 49 F.3d at 488; *United States v. Partida-Parra*, 859 F.2d 629, 633 (9th Cir. 1988) ("We have found no authority that empowers the court to abrogate a plea agreement to relieve one party of its own mistake.").

We note that where a defendant's guilty plea is accepted, he may withdraw it prior to sentencing for any "fair and just reason." Fed. R. Crim. P. 11(d)(2). Here, however, when the district court offered Bibian the opportunity to withdraw his plea, he declined to do so. He contends that withdrawing his plea would have resulted in detrimental consequences, but his motive or rationale for choosing not to withdraw is irrelevant. He declined to take advantage of a remedy that was available to him and is not entitled to the remedy he seeks.

**APPEAL DISMISSED.**