[Civ. No. 19388. First Dist., Div. One. Jan. 24, 1961.]

Estate of CAROL I. PETERSEN, Deceased: JOHN J. LANE, as Trustee, etc., Appellant, v. MILTON W. FERRARI, as Trustee, etc., et al., Respondents.

Raymond D. Williamson and Ralph Bancroft for Appellant.

Albert F. Skelly and Bruce W. Stilson for Respondents.

WOOD (Fred B.), J. pro tem.*—This is an appeal by life income beneficiary and trustee from an order denying his petition for distribution to him, as income, of a portion of the proceeds of a fire insurance policy upon the loss by fire of a certain theater building which comprised a part of the corpus of the trust estate.

In the inventory of the estate this property was appraised at $30,000. Subsequently, and before the fire, it was depreciated to $19,921.28. The insurer paid the trustees $73,334.29. The appellant claims that the difference between the last two sums, $53,413.01, is a capital gain which is income and should be distributed to them as the beneficiaries who are entitled to receive the income of the trust as provided by the will.

In denying the petition, the trial court found that the allegations of the petition "are not true in that monies realized from the payment of insurance on the burning and destruction of the Niles Theatre property . . . over and above the original inventory value of said property and the depreciated value thereof, was not, in fact, income, and therefore not distributable to the life income beneficiaries of the Trust Estate . . . and that such monies so paid to their Estate were, in fact . . . a substitution of money for improvements on real property, and should be retained in said Trust Estate."

There is no claim that the insurance policy made the loss, if any, payable to the life beneficiaries or any of them. Respondents in their brief state that the trustees took out this insurance "*for the benefit of the trust*" and not "for benefit of either the tenant or the remainderman alone"; that it was taken out "by the trustees, paid for with trust income, and *maintained for the benefit of the trust,* and not of any separate class of beneficiaries thereof." (Emphasis added.) Appellant in his reply brief takes no exception to this statement.

*Assigned by Chairman of Judicial Council.

We think the order under appeal is correct and should be affirmed.

The provisions of the Principal and Income Law (Civ. Code, §§ 730-730.15) are applicable. This testamentary trust became legally effective after September 13, 1941. (See § 730.02 of the code.) "All receipts of money . . . as proceeds of insurance upon property forming a part of the principal except where such insurance has been issued for the benefit of either tenant or remainderman alone . . . shall be deemed principal unless otherwise expressly provided in this chapter." (§ 730.-05.) We are aware of no such other provision.

We observe that under the clause last quoted it is not a question of whether the insurance company paid exactly, more or less than the value of the property involved. "All receipts" in the form of "proceeds of insurance" upon property that is part of the principal as in this case, themselves become a part of the principal, the corpus of the estate.

Added emphasis is furnished by the next succeeding clause: "Any profit or loss resulting upon any change in form of principal shall inure to or fall upon principal, except" in certain types of cases not here presented. (§ 730.05.)

Appellant suggests that the statute, presumably, was not designed to change the nature of the insurance contract as previously established by judicial decisions cited by them, and that those decisions characterize the insurance contract as one of indemnity, personal to the insured, and that the proceeds, in case of loss, are not a substitute for the property damaged or destroyed. We find nothing in those decisions inconsistent with our reading of the statute.

*Davis* v. *Phoenix Ins. Co.,* 111 Cal. 409 [43 P. 1115], was simply to the effect the insurer must make reparation to the insured "for the loss which he has suffered through his interest in the subject matter, and to the extent of that interest, not exceeding the limit fixed by the policy." (P. 415.) Accordingly, where the insured held the policy under a mere option to purchase (which he could abandon at any time) his insurable interest would be measured by the advances he had made, not by the value of the property if its value were greater.

*Corder* v. *McDougall,* 216 Cal. 773 [16 P.2d 740], held merely that a remainderman had no right to recover from the life tenant any portion of the proceeds of fire insurance which the latter had taken out solely for his own benefit. He and the remainderman each had an insurable interest in the prop-

erty, each separate and distinct from the other. Insurance of one did not inure to the benefit of the other, in the absence of an agreement therefor.

The principles enunciated in the Corder case were approved in *Alexander* v. *Security-First National Bank,* 7 Cal.2d 718 [63 P.2d 735]. However, policies insuring against damage by earthquakes were issued to the lessees of property under circumstances that gave the trustees of bondholders a prior claim to the proceeds in the event of loss; significantly, the trust indenture so provided.

Appellant invokes the rule that dividends accruing before the creation of a trust, are credited to the corpus; those accruing later, to income, citing *Estate of Duffill,* 180 Cal. 748 [183 P. 337]; *Estate of Gartenlaub,* 185 Cal. 375 [197 P. 90, 24 A.L.R. 1]; *Estate of Traung,* 30 Cal.2d 811 [185 P.2d 801]. We do not see that that rule is involved here. Significantly, it was held in the Traung case that it does not apply to gains made upon the sale of property: ''It is generally conceded that gains in value of investments, including securities, belong to capital and are to be credited to the corpus of a trust fund, rather than to income.'' (30 Cal.2d 811, at p. 815, citing *Estate of Gartenlaub,* 198 Cal. 204 [244 P. 348, 48 A.L.R. 677], and other cases.)

It seems clear that the plain provisions of the statute require that all of the proceeds of this insurance policy be credited to corpus and none to income. It would, of course, have been competent for the testatrix to have provided differently (Civ. Code, § 730.04) but she did not do so. That is the distinguishing feature between this case and *Estate of Bixby*\* (Cal.App.), 8 Cal.Rptr. 812. There, the trustees had been given power to determine what was principal and what was income; not so in our case.

The order is affirmed.

Bray, P. J., and Duniway, J., concurred.

---

\*A hearing was granted by the Supreme Court on January 5, 1961. The final opinion of that court is reported in 55 Cal.2d 819 [13 Cal. Rptr. 411, 362 P.2d 43].